919 So.2d 1022 (2005)
Shawn HUBBARD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-CA-02357-COA.
Court of Appeals of Mississippi.
July 19, 2005.
*1024 Sanford Knott, Jackson, attorney for appellant.
Office of the Attorney General by W. Daniel Hinchcliff, attorney for appellee.
Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. The Circuit Court of Warren County revoked Shawn Hubbard's suspended sentence. Hubbard filed a motion for post-conviction relief. After an evidentiary hearing, the court denied the motion. Hubbard appeals, asserting: (1) that the trial judge erred by not finding that it was an abuse of discretion for him to preside over the revocation hearing; (2) that the trial court erroneously found that Hubbard had waived his right to a preliminary hearing; and (3) that there was insufficient evidence that Hubbard violated the terms of his probation by failing to avoid persons or places of disreputable or harmful character.
¶ 2. We find no error and, therefore, affirm the denial of post-conviction relief.

FACTS
¶ 3. On June 5, 1997, Hubbard was convicted of sale of cocaine. Though the sentencing order does not appear in the record, it is apparent from other documents that the court sentenced Hubbard to eight years, with five years suspended. During the five year suspended sentence, Hubbard was on supervised probation.
¶ 4. In January 2003, the Vicksburg Police Department learned that William Smith, a prior felon, had sold cocaine at the residence of Claude Jones. The police obtained a search warrant for the Jones residence and an arrest warrant for Smith. On January 9, officers went to the Jones residence to execute the warrants. As Officer Penny Branch climbed the stairs in front of the house, she smelled a strong odor of burning marijuana. Sergeant Jeff Merritt also detected the odor of burning marijuana as he entered the house. The police found Jones, Smith, and Hubbard seated in the living room. Sergeant Virgil Woodall found a bag of marijuana under the cushion of Hubbard's chair. The police also found weapons concealed in the house. Hubbard was arrested.
¶ 5. At the revocation hearing, Hubbard stated that he had been at the Jones residence for about twenty or thirty minutes before the police arrived. Hubbard explained that he had visited the Jones residence in order to offer Jones a place to live because Jones was being evicted. Hubbard denied having seen any marijuana at the residence, having known marijuana was there, or having smelled an odor of burning marijuana. Hubbard denied having known that Smith was a convicted felon or that the residence was a place where drugs were sold.
¶ 6. The court found there was no showing that Hubbard had known that drugs were being sold at the Jones residence. However, the court found that Hubbard was at a place where marijuana was obviously being used because it smelled of marijuana and there was marijuana in Hubbard's chair. The court held that Hubbard had violated the terms of his probation by failing to avoid persons and places of disreputable or harmful character, and revoked Hubbard's suspended *1025 sentence. Hubbard challenged the proceedings at the revocation hearing in his motion for post-conviction relief.

STANDARD OF REVIEW
¶ 7. When reviewing the denial of a motion for post-conviction relief, this Court will not disturb the trial court's fact-findings unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). However, when questions of law are raised, the standard of review is de novo. Id.

LAW AND ANALYSIS

I. THE TRIAL JUDGE ERRED BY NOT FINDING THAT IT WAS AN ABUSE OF DISCRETION FOR HIM TO PRESIDE OVER THE REVOCATION HEARING.
¶ 8. Hubbard argues that the circuit judge, Judge Frank G. Voller, impermissibly instructed Hubbard's probation officer to charge Hubbard with certain probation violations. Hubbard avers that, based on this conduct, a reasonable person would doubt Judge Voller's impartiality and, therefore, Judge Voller should have disqualified himself from presiding over Hubbard's revocation hearing.
¶ 9. Hubbard did not raise this issue at the revocation proceedings. A prisoner's failure to "raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination" in the proceeding under collateral attack constitutes a waiver thereof. Miss.Code Ann. § 99-39-21(1) (Supp.2004). This Court may grant relief from the waiver upon a showing of cause and actual prejudice. Id. The burden rests with the prisoner to allege facts necessary to demonstrate that his claims are not procedurally barred. Miss.Code Ann. § 99-39-21(6) (Supp.2004). In his PCR, Hubbard did not provide any explanation for why he could not or should not have moved for Judge Voller's recusal at the revocation proceedings. Therefore, this issue is procedurally barred. Id.
¶ 10. Notwithstanding the procedural bar, Hubbard's claim is without merit. Hubbard's probation officer, Barbara Clark, testified at the evidentiary hearing. Clark stated that, after Hubbard's arrest, she brought the offense report to Judge Voller, who read it and requested that Clark draft a warrant for Hubbard's violation of probation. Judge Voller instructed Clark to include the allegations of unlawful possession of a firearm and failure to avoid persons of disreputable or harmful character. Clark identified a document entitled, "Affidavit, Violation of Probation," as the document she drafted in response to Judge Voller's request for a warrant. The document alleged that Hubbard had materially violated his probation by failure to avoid persons or places of disreputable or harmful character and by felony possession of a firearm. The document was signed by Clark and witnessed by Judge Voller.
¶ 11. Hubbard argues that Judge Voller's instruction of Clark as to Hubbard's probation violations ran afoul of the doctrine of separation of powers and warranted Judge Voller's recusal pursuant to Canon 3E(1) of the Code of Judicial Conduct, which provides:
[j]udges should disqualify themselves in proceedings in which their impartiality might be questioned by a reasonable person knowing all the circumstances or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law, including but not limited to instances where: (a) the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;.. . .
*1026 Hubbard argues that Judge Voller's impartiality might be questioned because he essentially acted in a prosecutorial capacity when he specified the probation violations that Clark should allege against Hubbard.
¶ 12. The case of Dodson v. Singing River Hospital Sys., 839 So.2d 530, 532-33 (¶¶ 10-13) (Miss.2003) discussed the standard by which this Court reviews a claim that a judge should have disqualified himself under Canon 3. There is a presumption that a judge was qualified and unbiased. Id. at 533 (¶ 10). A judge must disqualify himself if "a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Collins v. Joshi, 611 So.2d 898, 901 (Miss.1992) (citations omitted). "[R]ecusal is required when the evidence produces a reasonable doubt as to the judge's impartiality." Dodson, 839 So.2d at 533 (¶ 13). In determining the question of recusal pursuant to Canon 3, "the propriety of the judge's sitting is to be decided by the judge and is subject to review only in case of manifest abuse of discretion." Collins, 611 So.2d at 901 (citations omitted).
¶ 13. After the evidentiary hearing, Judge Voller found that he had asked Clark to draft a warrant for Hubbard's probation violations including his felony possession of a firearm and his failure to avoid persons or places of disreputable or harmful character. Mississippi Code Annotated section 47-7-37 provides, "[a]t any time during the period of probation the court, or judge in vacation, may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the probationer to be arrested." Thus, the probation revocation statute expressly vests authority in the circuit judge to determine whether a probationer should be arrested for violation of the conditions of probation.
¶ 14. We observe that the document Clark identified as the one she drafted bears the title, "Affidavit, Violation of Probation," and does not appear to be a warrant for Clark's arrest. The totality of Clark's testimony evinced her confusion over the terms "affidavit" and "warrant" because she used the terms interchangeably. Clark did testify that Judge Voller requested that she draft a warrant. Given these facts, Judge Voller's finding that he requested that Clark draft a warrant pursuant to section 47-7-37 was not clearly erroneous.[1]
¶ 15. Judge Voller found that his request that Clark draft a warrant for Hubbard's probation violations was not prosecutorial in nature and that a reasonable person would not have doubted his impartiality as the judge presiding over Hubbard's revocation hearing. Indeed, by requesting that Clark draft a warrant stating that Hubbard had violated certain terms of his probation, Judge Voller was exercising his authority under section 47-7-37 to issue a warrant for Hubbard's arrest for a probation violation. The authority to issue a warrant under section 47-7-37 includes the authority to name the probation violations stated in the warrant. As Judge Voller was acting within his statutory authority, there is no indication whatsoever that Judge Voller was unqualified or biased *1027 such that his failure to recuse himself from presiding over the revocation hearing was a manifest abuse of discretion. This issue is without merit.

II. THE TRIAL COURT ERRED BY FINDING THAT APPELLANT WAIVED HIS RIGHT TO A PRELIMINARY HEARING.
¶ 16. A probationer facing a revocation of probation is constitutionally entitled to a preliminary hearing in which a hearing officer determines whether probable cause exists to hold the probationer for a final decision concerning revocation. Riely v. State, 562 So.2d 1206, 1210 (Miss. 1990) (citing Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) and Morrissey v. Brewer, 408 U.S. 471, 485-87, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)). The probationer may waive the right to a preliminary hearing and elect to proceed to the final revocation hearing. Grayson v. State, 648 So.2d 1129, 1133 (Miss.1994). The minimum due process requirements for a final revocation hearing are:
(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.
Riely, 562 So.2d at 1210 (quoting Gagnon, 411 U.S. at 786, 93 S.Ct. 1756).
¶ 17. Hubbard was not afforded a preliminary hearing. Hubbard complained of this omission for the first time in his motion for post-conviction relief. The trial court held from the evidence adduced at the evidentiary hearing that Hubbard had waived his right to a preliminary hearing. The State correctly argues that, because Hubbard could have raised the issue of the failure to hold a preliminary hearing at the final revocation proceedings, this issue is procedurally barred from review in post-conviction proceedings. Miss.Code Ann. § 99-39-21(1) (Supp.2004).
¶ 18. Notwithstanding the procedural bar, Hubbard is not entitled to any relief based on the failure to afford him a preliminary hearing. Not only did Hubbard fail to raise the issue of a preliminary hearing during the final revocation proceedings, but the transcript of the revocation hearing supports the trial court's finding that Hubbard, in fact, waived his right to a preliminary hearing. At the commencement of the revocation hearing, the following exchange occurred between the court and Hubbard's counsel:
The Court: The next case we have on the docket is a revocation involving Steve (sic) Hubbard. Is the Defendant prepared to proceed? I know  I don't think he was served with a copy of the petition until today; is that correct?
Mr. Penley: That's correct, Your Honor.
The Court: Are you ready to proceed at this time?
Mr. Penley: Yes, Your Honor. I've explained the facts to my client, and he is ready to proceed and has signed a waiver that we presented to the district attorney.
¶ 19. Hubbard stated in his affidavit that he never waived his right to a preliminary hearing. No waiver form appears in the record. However, the *1028 transcript shows that Hubbard's counsel announced that Hubbard was ready to proceed with the final revocation hearing and that Hubbard had signed a waiver form. This Court is unable to know whether that waiver form purported to waive Hubbard's right to a preliminary hearing. Nonetheless, the facts that Hubbard's counsel announced that Hubbard was ready to proceed with the final revocation hearing and that Hubbard, though represented by counsel, never brought the omission to the court's attention supported the court's finding that Hubbard had waived a preliminary hearing. The trial court's finding of waiver was not clearly erroneous. Further, even if the failure to hold a preliminary hearing was error, the error was harmless. This is because Hubbard was afforded "all the necessary due process safeguards" associated with his final revocation hearing and has not shown that he was prejudiced by the failure to hold a preliminary hearing in any manner beyond the continuation of his confinement in the time leading to the final revocation hearing. Rusche v. State, 813 So.2d 787, 790-91 (¶¶ 13-14) (Miss.Ct.App.2002). This issue is without merit.

III. THERE WAS INSUFFICIENT EVIDENCE THAT APPELLANT FAILED TO AVOID PERSON OR PLACES OF DISREPUTABLE OR HARMFUL CHARACTER.
¶ 20. The trial judge may revoke probation upon a showing that the probationer has "more likely than not" violated the conditions of probation. Smith v. State, 742 So.2d 1146, 1148 (¶ 10) (Miss. 1999) (quoting Wallace v. State, 607 So.2d 1184, 1190 (Miss.1992)). In his final assignment of error, Hubbard argues that there was insufficient evidence that he violated the probation condition requiring him to "avoid persons or places of disreputable or harmful character" as prescribed by Mississippi Code Annotated § 47-7-35 (Rev.2004).
¶ 21. We turn to the circuit court's revocation decision. The court found there was no showing that Hubbard knew the Jones residence was a place where drugs were being dealt. But, the court revoked Hubbard's suspended sentence because Hubbard "was at a place where marijuana was obviously being used because it smelled of marijuana and he had marijuana in the chair he was in" and that Hubbard had "failed to avoid vicious  persons and places of disreputable or harmful character and vicious  injurious or vicious habits.. . ." On PCR, the court held that there had been sufficient evidence supporting the revocation.
¶ 22. There was certainly sufficient evidence supporting the conclusion that Hubbard "more likely than not" failed to avoid persons and places of disreputable or harmful character. Two narcotics officers testified that, while executing the search warrant at the Jones residence, they encountered an odor of burning marijuana so strong that it was perceptible both inside and outside of the residence. Hubbard argues that the court's finding that he failed to avoid persons or places of disreputable or harmful character conflicted with its finding that he had no prior knowledge that drugs were being dealt at the residence. This argument is without merit. The court held that Hubbard had violated the conditions of his probation by remaining for at least twenty minutes in a location where it would have been obvious to him that marijuana was being used. Hubbard's knowledge of what illegal activities might have occurred at the house before his arrival is immaterial to the court's finding that he did not leave the house in spite of the obvious consumption of an illegal drug.
*1029 ¶ 23. Hubbard also contends that his right to due process was violated because the trial court revoked his probation upon a finding that he had engaged in "vicious and injurious habits," a probation violation with which Hubbard was not charged. Mississippi Code Annotated section 47-7-35 (Rev.2004), enumerates conditions of probation, including the condition that the offender shall "avoid injurious or vicious habits." Though the court did state that Hubbard had "failed to avoid injurious or vicious habits," a violation with which Hubbard was not charged, the court clearly based the revocation upon its finding that Hubbard had failed to avoid persons or places of disreputable or harmful character by remaining in a place where, obviously, marijuana was being used. Sufficient evidence supported this finding. Therefore, Hubbard's right to due process was not violated by the court's reference to a probation violation with which Hubbard was not charged. This issue is without merit.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P. JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Even if no warrant was in fact drafted, Hubbard was properly before the court at the revocation hearing. This is because, in the absence of a warrant, section 47-7-37 allows a probationer to be brought before the court if the probationer was arrested and the probation officer presented the court with a written report showing in what manner the probationer violated the conditions of probation. This procedure was followed in the instant case; Hubbard had been arrested and Clark presented Judge Voller with the offense report showing how Hubbard had violated the conditions of his probation.