*257
 
 CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Cedric Silliman pleaded guilty in the Lauderdale County Circuit Court to robbery and was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with all fifteen of those years suspended, and five years of supervised probation. Silliman subsequently violated the terms of his probation and was ordered to serve the full fifteen-year sentence. Silliman filed a motion in the circuit court to vacate and set aside the probation revocation, which the circuit court treated as a motion for post-conviction relief. That motion was denied. Silli-man now appeals that ruling. Finding no error, we affirm the judgment of the circuit court.
 

 FACTS
 

 ¶ 2. Silliman was indicted for the robbery of a Domino’s Pizza in January 2004. He pleaded guilty and received a fifteen-year suspended sentence along with five years of supervised probation. On June 5, 2006, Silliman’s probation officer filed a petition to revoke Silliman’s probation for numerous violations of the terms of his probation. Silliman was afforded a revocation hearing in the circuit court on September 22, 2006, to address the violations of the terms of his probation. Silliman did not retain counsel to represent him at his revocation hearing.
 

 ¶ 3. Through an agreement between the district attorney’s office and Silliman, only the following violations were included in that hearing on the petition to revoke probation: (1) driving with an expired driver’s license, (2) driving with no driver’s license on two occasions, (3) two speeding violations, and (4) disregard of a traffic device. Furthermore, the district attorney alleged that Silliman had tested positive for marijuana in January 2005, and he had failed to pay the required court-ordered fines and court costs associated with his robbery conviction. There were several other violations that the district attorney chose not to pursue, including possession of marijuana, felony driving under the influence, and possession of a firearm by a felon.
 

 ¶ 4. The circuit judge found that Silliman had violated the terms of his probation by committing the traffic violations and testing positive for marijuana. He revoked Silliman’s probation and ordered him to serve the original suspended sentence of fifteen years.
 

 ¶ 5. Silliman raises three issues for our review. First, he argues that the circuit court abused its discretion in failing to appoint counsel to represent him at his revocation hearing. Second, Silliman argues that the State did not offer actual proof that he had violated the terms of his probation. Third, Silliman argues that the circuit court found that he had violated the terms of his probation simply by his failure to pay his court costs and restitution. We find no error and affirm.
 

 DISCUSSION
 

 ¶ 6. “In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.”
 
 Smith v. State,
 
 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, questions of law are reviewed de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598(¶ 6) (Miss.1999).
 

 I. Whether the circuit court erred by not appointing counsel for the revocation hearing.
 

 ¶ 7. Silliman argues that the circuit court erred by not appointing counsel to represent him during his revocation hearing and that the circuit court did not in
 
 *258
 
 form him that he had a right to be represented by counsel, thereby violating his due process rights. Silliman argues that “at no time did the court make any inquiry as to whether he could afford to hire prive [sic] counsel or whether he wanted the court’s [sic] to appoint counsel for him.”
 

 ¶ 8. Silliman’s argument fads, however, as the Mississippi Supreme Court has held that probationers do not necessarily have a right to be represented by counsel at probation revocation hearings.
 
 Riely v. State,
 
 562 So.2d 1206, 1209 (Miss.1990) (citing
 
 Lassiter v. Dep’t of Soc. Servs.,
 
 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981)). The court should appoint counsel for probationers when the issues relevant to the revocation hearing are complex or difficult to develop.
 
 Id.
 
 (quoting
 
 Gagnon v. Scarpelli,
 
 411 U.S. 778, 790-91, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). Silliman never requested court-appointed counsel. Furthermore, the issues discussed at his revocation hearing were not difficult or complex. In fact, Silliman admitted at the hearing that he had committed the violations charged in the petition to revoke his probation. Therefore, this issue is without merit.
 

 II. Whether the State proved that Silliman violated the terms of his probation.
 

 ¶ 9. In his second assignment of error, Silliman argues that the State did not present any evidence that he had, in fact, committed the alleged probation violations. However, probation may be revoked based “upon a showing that the defendant ‘more likely than not’ violated the terms of probation.”
 
 Metcalf v. State,
 
 904 So.2d 1222, 1225(¶10) (Miss.Ct.App.2004) (citing
 
 Wallace v. State,
 
 607 So.2d 1184, 1189-90 (Miss.1992)). Silliman admitted at the hearing that he had committed the probation violations. The circuit judge did not err in finding that Silliman violated the terms of his probation. This issue is without merit.
 

 III. Whether the trial court erred by revoking Silliman’s probation based on his failure to pay court-ordered fines and fees.
 

 ¶ 10. Finally, Silliman alleges that his probation was revoked based solely on his failure to pay his court-ordered fines and fees. Silliman is correct in his assertion that the circuit court should not revoke probation based solely on a probationer’s failure to pay fines and fees without first inquiring into the reasons he failed to pay his fines and fees.
 
 Mayfield v. State,
 
 822 So.2d 332, 335(¶ 15) (Miss.Ct.App.2002) (citing
 
 Bearden v. Georgia,
 
 461 U.S. 660, 667-68, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)). The circuit judge did inquire about Silliman’s failure to pay the fines. Silliman responded that he was not making enough money to cover living expenses for himself and his child, so he had not made any effort to pay the fines.
 

 ¶ 11. However, the record is clear that Silliman’s probation was not revoked solely because of his unpaid court-ordered fines and court fees. Silliman admitted to committing several probation violations. This issue is without merit.
 

 ¶ 12. We find no merit to Silliman’s assignments of error. Therefore, we affirm the judgment of the circuit court.
 

 ¶ 13. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDER-DALE COUNTY.
 

 
 *259
 
 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.