## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2014-CP-01508-COA

**DAVID ADAMS A/K/A DAVID LEE ADAMS**                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/02/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID ADAMS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/24/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

### PROCEDURAL HISTORY

¶1. In 2005, David Adams pleaded guilty to three counts of armed robbery. He was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC) on each count, to be served concurrently, with six years to serve, nine years suspended, and five years of supervised probation. In September 2013, MDOC filed a petition alleging Adams violated his supervised probation by failing to report to his probation officer and to pay fees and court costs. On October 24, 2013, Adams signed a waiver of his

right to a preliminary probation-revocation hearing.[1]

¶2.     On November 14, 2013, a formal revocation hearing was held during which Adams admitted to violating his supervised probation by failing to report and pay fees and court costs. Adams stated under oath that he failed to report because he was under the influence of illegal drugs. The trial court revoked Adams's probation and ordered him to serve the remaining nine years.

¶3.     Adams filed a motion requesting rehearing, which the trial court treated as a motion for postconviction relief (PCR). The trial court denied Adams's PCR motion. Adams now appeals, asserting that (1) he did not understand his rights during the hearing; (2) the trial court failed to inquire as to his failure to pay fees and court costs; (3) he was denied a preliminary hearing; and (4) his sentence was unconstitutional.

## STANDARD OF REVIEW

¶4.     When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶5.     As a preliminary matter, Adams's motion was procedurally barred since it did not contain a "separate statement of the specific facts which are within the personal knowledge

---

[1] In addition to the other violations previously listed, this waiver indicates Adams committed armed robbery on September 20, 2013, and was arrested on October 5, 2013. During the revocation hearing, the trial court indicated Adams had been charged with armed robbery but was not going to consider this fact when revoking Adams's probation.

of the petitioner and . . . sworn to by the petitioner." Miss. Code Ann. § 99-39-9(1)(d) (Rev. 2015). Regardless, we will address the merits.

## I. Revocation Hearing

¶6. Adams first argues that due to medical issues, he was not fully cognizant of his rights during the revocation. But Adams has offered no support for his claim that his medical issues (namely, drug abuse and withdrawal symptoms) affected his ability to understand the proceeding.

¶7. Adams also suggests he needed an attorney present during the hearing to help him fully understand his rights. However, probationers do not necessarily have a right to be represented by counsel at probation-revocation hearings. *Riely v. State*, 562 So. 2d 1206, 1209 (Miss. 1990). The trial court should appoint counsel for probationers when the issues relevant to the revocation hearing are complex or difficult to develop. *Id*. (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790-91 (1973)). The issues discussed at Adams's revocation hearing were not difficult or complex. In fact, Adams admitted at the hearing that he had committed the violations charged in the petition to revoke his probation. Furthermore, Adams did not request representation. The trial court gave him the opportunity to seek representation, but Adams declined. Adams waived his right to have an attorney during the revocation hearing. Therefore, this issue is without merit.

## II. Failure to Pay

¶8. Adams claims the trial court erred by not inquiring as to why Adams failed to pay fees and court costs. Before revoking a defendant's probation for failure to pay fines, a trial court

3

should first inquire as to the reasons the defendant failed to pay. *Sillman v. State*, 8 So. 3d 256, 258 (¶10) (Miss. Ct. App. 2009). Here, the trial court did not ask Adams why he failed to pay his fines and courts costs. But Adams admitted to another parole violation – failure to report – so the revocation was not based solely on his failure to pay fines. *Id*. at (¶11). This issue is without merit.

### III. Preliminary Hearing

¶9. Adams contends he was not afforded a preliminary hearing. However, a probationer may waive the right to a preliminary hearing. *Hubbard v. State*, 919 So. 2d 1022, 1027 (¶16) (Miss. Ct. App. 2005). Here, Adams signed a waiver of his right to a preliminary probation-revocation hearing. Furthermore, Adams was afforded all the necessary due-process safeguards associated with his final revocation hearing and has not shown any prejudice resulting from the failure to hold a preliminary hearing. *See id.* This issue is without merit.

### IV. Sentence

¶10. Adams also briefly states that his parole violations were "technical"; thus, the imposition of a nine-year sentence was cruel and unusual punishment. However, at the time Adams's parole was revoked, it was within the trial court's discretion to revoke and reinstate a defendant's entire suspended sentence. *See* Miss. Code Ann. § 47-7-37(5)(b);[2] *see also Agent v. State*, 30 So. 3d 370, 374 (¶11) (Miss. Ct. App. 2010). Adams admittedly violated parole, giving the trial court the discretion to revoke and impose any or all of his suspended sentence. This issue is without merit.

---

[2] The statute was amended effective July 1, 2014, to provide for graduated penalties for technical parole violations. *See Atwood v. State*, 183 So. 3d 843, 846 (¶6) (Miss. 2016).

¶11. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**