# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01069-COA

**ALEXANDER BUCHANAN**                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/24/2021 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALEXANDER BUCHANAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/21/2023 |
| MOTION FOR REHEARING FILED: | |

### BEFORE WILSON, P.J., WESTBROOKS AND EMFINGER, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     The circuit court revoked Alexander Buchanan's post-release supervision (PRS) because Buchanan failed to report to his supervising officer for more than two years. Buchanan subsequently filed a motion for post-conviction relief (PCR) challenging his revocation. The circuit court denied Buchanan's PCR motion, and Buchanan appealed. On appeal, Buchanan alleges that his revocation violated due process, that the State failed to show that he absconded from supervision, and that his revocation was barred by the doctrine of laches. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2010, Buchanan pled guilty to one count of armed robbery and was sentenced to

serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC) with five years to serve, ten years suspended, and five years of PRS.

¶3.     In 2015, Buchanan was released to PRS. He initially complied with the terms of his PRS, but in July 2016 he stopped reporting to his supervising officer and also failed to make payments required by the terms of his PRS.

¶4.     In October 2016, the State filed a petition to revoke Buchanan's PRS. In support of the petition, Officer Letisha Belk filed an affidavit detailing Buchanan's failure to comply with the terms of his PRS, including his failure to report since June 2016 and his failure to pay fees and court costs. The circuit court issued a warrant for Buchanan's arrest.

¶5.     Law enforcement finally arrested Buchanan on March 4, 2019. The following day, Buchanan signed a waiver of his right to a preliminary hearing. The circuit court held a final revocation hearing on March 21, 2019, and Buchanan admitted that he did not report to his supervising officer at any time between July 2016 and his arrest on March 4, 2019. Based on Buchanan's admissions, the court found Buchanan had violated the terms of his PRS by absconding from supervision, as well as by failing to pay his supervision fees, fines, court costs, and restitution. The court then entered an order revoking Buchanan's PRS and ordering him to serve his ten-year suspended sentence in MDOC custody.

¶6.     In February 2021, Buchanan filed a PCR motion alleging that (1) he never received notice of his revocation hearing or the grounds for his revocation; (2) his preliminary-hearing waiver was void because his supervising officer did not sign it; (3) he did not "abscond" from supervision because the warrant application and revocation petition were filed after he had

2

failed to report for only four months; (4) he did not knowingly waive his right to a preliminary hearing; and (5) he was not advised of his right to counsel. The circuit court found that Buchanan's claims were procedurally barred or lacked merit and therefore denied his PCR motion. Buchanan then filed a notice of appeal.

¶7. On appeal, Buchanan asserts that his revocation violated due process for multiple reasons. He also argues that the doctrine of laches bars his revocation.

## ANALYSIS

¶8. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Boyd v. State,* 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011) (brackets and quotation marks omitted).

### I. Due Process

¶9. Buchanan first argues that his due process rights were violated because (A) he did not sign a valid waiver of his right to a preliminary hearing; (B) he did not receive proper notice of his revocation hearing; and (C) he did not "abscond" from supervision.

### A. Waiver of a Preliminary Hearing

¶10. Buchanan alleges that he did not knowingly and voluntarily waive his right to a preliminary hearing. In particular, he claims that his signed waiver was invalid because it was not signed by his supervising officer. This argument fails for multiple reasons.

¶11. In a revocation proceeding, the probationer is entitled to both (1) a preliminary hearing

3

to determine whether probable cause exists and (2) a final revocation hearing. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). However, the probationer may waive his right to a preliminary hearing. *Hubbard v. State*, 919 So. 2d 1022, 1027 (¶16) (Miss. Ct. App. 2005). Moreover, a probationer "is procedurally barred from arguing that he was denied the right to a preliminary hearing [if he] failed to raise the issue at his formal revocation hearing." *Presley v. State*, 48 So. 3d 526, 528 (¶9) (Miss. 2010). Buchanan failed to raise the issue at his formal revocation hearing; therefore, the issue is procedurally barred. *Id.*

¶12.    Moreover, Buchanan validly waived his right to a preliminary hearing. As stated above, Buchanan signed a waiver of his right to a preliminary hearing. The waiver clearly informed Buchanan that he was charged with failing to report to his supervising officer since June 2016 ("absconding") and failing to pay fees, restitution, and fines. Buchanan complains that his supervising officer, Belk, did not sign the waiver. However, another probation officer witnessed the waiver, and the applicable statute provides that "[a] preliminary hearing shall not be required when . . . *the offender signed* a waiver of a preliminary hearing." Miss. Code Ann. § 47-7-37(3) (Rev. 2015) (emphasis added). The statute does not require the supervising officer to sign the waiver. Moreover, Buchanan's waiver clearly advised him that he had a right to a preliminary hearing at which he could speak, present evidence, and cross-examine witnesses. The document also advised him that he had a right to retain counsel and to a judicial determination of probable cause. Accordingly, Buchanan validly waived his right to a preliminary hearing, and this issue is without merit.

**B.    Notice of the Charges and Final Revocation Hearing**

¶13. Buchanan next claims that the State failed to provide him sufficient notice of the charges against him and of his final revocation hearing. However, as noted above, Buchanan's signed waiver of his right to a preliminary hearing clearly notified him of the charges against him, including absconding from supervision. The document further advised Buchanan that a final "formal Revocation Hearing" would be held before the circuit court. In addition, on the same day he waived his right to a preliminary hearing, Buchanan also signed a separate written waiver of his right to additional "notice and/or any waiting period prior to" his final revocation hearing. On March 7, 2019, the circuit court entered an order setting Buchanan's final revocation hearing for March 18, 2019. The order directed the sheriff to serve a copy on Buchanan, although the docket does not reflect a subsequent return of service on Buchanan. The final revocation hearing was actually held on March 21, 2019. At the hearing, Buchanan did not raise any objection based on any alleged lack of notice. Following the hearing, the court entered an order revoking Buchanan's PRS for absconding and failure to pay fees, costs, fines, and restitution.

¶14. We first note that Buchanan's claims alleging insufficient notice are procedurally barred because he failed to raise these issues at his final revocation hearing. *Presley*, 48 So. 3d at 528 (¶9). Procedural bar notwithstanding, his claims are also without merit.

¶15. In *Smith v. State*, 94 So. 3d 335, 340 (¶12) (Miss. Ct. App. 2011), this Court held that a probationer received sufficient notice of the charges against him when his signed waiver of a preliminary hearing notified him of the charges. Buchanan's signed waiver of his preliminary hearing likewise clearly notified him of the charges against him. Accordingly,

this aspect of his argument is without merit.

¶16.    Buchanan's claim that he did not receive adequate notice of his final revocation hearing is also without merit because Buchanan was clearly informed that a final revocation hearing would be held, and he signed a written waiver of any right to additional notice prior to his final revocation hearing.  The circuit court then held Buchanan's final revocation hearing within twenty-one days of Buchanan's arrest, as required by statute.  Miss. Code Ann. § 47-7-37(3).

¶17.    Finally, Buchanan also failed to show that he was prejudiced by the alleged errors in his revocation proceeding.  Buchanan has never disputed that he failed to report to his supervising officer for more than two and a half years—from July 2016 until his arrest in March 2019.  In his PCR motion, Buchanan asserted that if he had received additional notice, he could have presented witnesses and other evidence at his revocation hearing.  However, Buchanan submitted only a single affidavit from a person named Eddie Bynum.  In his affidavit, Bynum stated that Buchanan lived with Bynum following Buchanan's release to PRS and that, to Bynum's knowledge, no probation officer ever came to look for Buchanan after he failed to report.  Buchanan also asserts that MDOC "knew where [he] was living and had several ways to contact him."  However, as the circuit court stated, this testimony would not have supported a defense to the revocation petition because it was Buchanan's "duty to report" to his probation officer, not vice versa.

¶18.    In summary, Buchanan waived his objections to the sufficiency of notice because he failed to raise these issues during his final revocation hearing.  Buchanan did in fact receive

6

sufficient notice of the charges against him and of his final revocation hearing, and Buchanan ultimately fails to show that he was prejudiced as a result of the alleged errors. Accordingly, his claims fail for all these reasons.

### C. Sufficiency of the Evidence of "Absconding"

¶19. Buchanan also argues that the circuit erred by revoking his PRS and ordering him to serve his suspended sentence because the State failed to prove that he absconded from supervision. Mississippi Code Annotated section 47-7-37.1 (Rev. 2015) provides,

> Notwithstanding any other provision of law to the contrary, if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has . . . absconded, the court may revoke his probation and impose any or all of the sentence. For purposes of this section, "absconding from supervision" means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months.

As the statute makes clear, it is the duty of the "*probationer* to report to his supervising officer." *Id.* (emphasis added). Buchanan admitting at his revocation hearing that he failed to report for more than two and a half years. Accordingly, the circuit court did not err by finding that Buchanan absconded within the meaning of the statute or by revoking Buchanan's PRS and imposing his suspended sentence.

¶20. Buchanan also argues that his revocation violated Mississippi Code Annotated section 47-7-37(10), which provides that "[u]nless good cause for the delay is established in the record of the proceeding, the probation revocation charge shall be dismissed if the revocation hearing is not held within thirty (30) days of the warrant being issued." A warrant was issued for Buchanan's arrest in October 2016, but his PRS was not revoked until he was finally arrested in March 2019.

7

¶21. However, as this Court recently held in *Dortch v. State*, 338 So. 3d 155, 158 (¶9) (Miss. Ct. App. 2022), this argument ignores the clear language of section 47-7-37.1, which provides that if an offender has absconded from supervision, the court may revoke his probation and order him to serve any or all of his suspended sentence "[*n*]*otwithstanding any other provision of law to the contrary.*" Miss. Code Ann. § 47-7-37.1 (emphasis added). This type of clause is sometimes referred to as a "'notwithstanding' clause." *Miss. Gaming Comm'n v. Imperial Palace of Miss. Inc.*, 751 So. 2d 1025, 1029-30 (¶18) (Miss. 1999). And as our Supreme Court has held, "[a] statute containing a 'notwithstanding' clause is effective *regardless of other statutes to the contrary.*" *Id.* (emphasis added). "Thus, because [Buchanan] had absconded, *the court had discretion to revoke his probation 'notwithstanding' the thirty-day time limit imposed in section 47-7-37(10).*" *Dortch*, 338 So. 3d at 158 (¶9) (emphasis added).

¶22. In short, because the evidence was clear that Buchanan had absconded, the circuit court did not err by revoking his PRS or ordering him to serve his suspended sentence.

## II. Laches

¶23. Finally, Buchanan argues that the doctrine of laches prevents the State revoking his parole because a warrant was issued for his arrest in 2016, but the State did not apprehend him until 2019. However, this argument is procedurally barred because Buchanan failed to raise the issue in his PCR motion in the circuit court. *Fluker v. State*, 17 So. 3d 181, 183 (¶5) (Miss. Ct. App. 2009). In any event, the law is well settled that the State is not "chargeable with the laches of its officials." *Jones Cnty. Sch. Dist. v. Miss. Dep't of Revenue*, 111 So.

3d 588, 607 n.7 (Miss. 2013); *Miss. Dep't of Hum. Servs. v. Molden*, 644 So. 2d 1230, 1232 (Miss. 1994); *Bd. of Educ. of Lamar Cnty. v. Hudson*, 585 So. 2d 683, 688 (Miss. 1991). Therefore, this issue is without merit.

## CONCLUSION

¶24.    The circuit court did not err by denying Buchanan's PCR motion.

¶25.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**