SOUTHWICK, P.J.,
for the court.
¶ 1. Gregory Mayfield’s probation was revoked on September 8, 1998. Subsequently, he filed a petition for post-conviction relief, which was denied. We find no error and affirm.
FACTS
¶ 2. Mayfield pled guilty in 1994 to a charge of armed robbery. He was sentenced to serve twenty years, with fifteen years suspended and five years on probation. After being released from prison in January 1998, Mayfield entered onto probation. In June 1998, he was arrested by the Wayne County Sheriffs Department on what was called “a new felony charge.” He remained in jail and was given notice on August 11, 1998, that a preliminary hearing as to his probation would be held on August 25. A formal hearing before the trial court was held on September 8. No evidence about this new felony charge was introduced at the revocation hearing.
*334 ¶ 3. The trial court revoked probation for these stated reasons:
the defendant’s urine sample revealed the presence of cocaine on June 19,1998, from a sample taken June 11,1998; that the defendant failed to report to his probation officer during the month of June 1998; that the defendant failed to pay his Court assessment of $188.00; and that the defendant failed to pay his supervision fees to his probation officer.
¶ 4. Mayfield returned to prison. In July 2000, Mayfield filed a motion for post-conviction relief, which was denied in January 2001. His appeal has been deflected to this Court.
DISCUSSION

I. Counsel at revocation hearing.

¶ 5. Mayfield asserts that he was entitled to and was denied counsel at his probation revocation hearing. Unlike many other proceedings involving those caught up in the criminal justice system, there is no automatic right to counsel at hearings for the revocation of probation. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990), citing Lassiter v. Depart. of Soc. Servs., 452 U.S. 18, 26, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). A probationer has the right to appointed counsel at a revocation hearing only when the issues are complex. Riely, 562 So.2d at 1209.
¶ 6. At the beginning of the revocation hearing, Mayfield was asked if he desired to have an attorney present. May-field answered that he did and requested additional time to hire counsel. The State opposed an extension of time because it argued that Mayfield was advised two weeks earlier at his preliminary hearing with his probation officer that he had the right to retain an attorney and have that person present at his final revocation hearing. Mayfield admitted that he had earlier been informed of the right to retain counsel, but alleged that he had so far been unable to do so. The State wished to proceed in part because it had present certain witnesses who had driven to Meridian from the Gulf Coast for the hearing. The court found that Mayfield had been given more than adequate time to retain counsel if he wanted one, and the revocation proceedings would commence.
¶.7. Analytically, this should be seen as the denial to Mayfield of a continuance in order to obtain his own counsel.' He did not seek to have the trial court appoint counsel. We will examine whether the issues underlying the revocation appear complex. If they were, then refusal of a continuance to retain counsel or to be provided an appointed attorney could be error.
¶ 8. Before proceeding to that question, we examine the other alternative. If this was* not a situation in which appointed counsel would be required, could there still be error in denying a continuance to- obtain counsel? Mayfield had two weeks’ notice of the hearing. There was no evidence that he had sought to acquire counsel prior to the hearing date.
¶ 9. Whether to grant a continuance for any reason is a matter to be decided by the .wise exercise of discretion by the trial court. Coleman v. State, 697 So.2d 777, 780 (Miss.1997). If in fact this was a hearing in which a constitutional right to counsel did not arise, that would be because the issues were not especially complex. If counsel in this setting was not of constitutional significance, then the attorney would have been present only as a useful but not mandatory adviser and spokesman. In situations in which no constitutional right to counsel exists, an accused should exercise diligence in obtaining his or her own attorney in order that *335 the person can be present. Mayfield did not exercise such diligence. We find no abuse of discretion in denying a continuance on these facts unless the issues for the hearing were complex as meant in Riely.
II. Alleged Errors at the Preliminary and Final Revocation Hearing.'
¶ 10. Mayfield alleges several errors regarding the evidentiary support for the revocation of probation. These involve the failure of the court to determine whether Mayfield was financially able to pay court costs and the fine, whether there was sufficient proof of his failure to report to his probation officer, and whether he had been given notice that among the issues' for revocation was his use of illegal drugs.
¶ 11. A probationer has due process rights to both an adequate preliminary hearing at which notice of the charges is given and an adequate final hearing in which proof of the grounds for revocation is received. Morrissey v. Brewer, 408 U.S. 471, 485-90, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). We only examine here the specific defects alleged by Mayfield in his appeal to this Court.
¶ 12. Mayfield alleges that at his preliminary hearing on 'August 25 he was not informed that his testing positive for cocaine use would be a basis for revocation. There is no transcript of the preliminary hearing, but Mayfield’s probation officer testified at the final hearing. She stated that Mayfield had been told of the various charges that were the basis for revocation, including the use' of illegal drugs. The trial court found that Mayfield had received notice of the basis for revocation from his probation officer. There is sufficient evidence to support that finding.
¶ 13. Next, Mayfield alleges that the court improperly revoked his probation solely on his failure to pay his fine without inquiring into the reasons for his failure to pay. It is true that one of the bases for revocation, but clearly not the sole basis, was Mayfield’s failure to make payments on his fine and supervision fees. Payments were to be made at the rate of ten dollars per month for the fine and a twenty dollars per month supervision fee. Mayfield indicated at this same hearing that he had the necessary funds to employ his own counsel.
¶ 14. Two years later, Mayfield submitted an affidavit of poverty that permitted him to file the present, appeal in forma pauperis. That affidavit was signed in January 2001, well after he had been returned to prison because of the revocation of his probation.
 ¶ 15. Mayfield did not allege an inability to pay the fine and supervision fees at the revocation hearing. He stated that he'wanted to employ his own counsel, which suggests that he had the funds' to do so. Nonetheless, if a trial judge is considering revoking probation because of failure to make required payments, the United States Supreme Court has suggested that it is the judge’s affirmative duty to inquire into the reasons for the failure: ’
in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment.
Bearden v. Georgia, 461 U.S. 660, 667-68, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).
¶ 16. There was some evidence in the record that we have already summarized *336 on which an ability to pay might have been inferred, especially since the payments were so small. We do not decide whether such inferences are sufficient because even if they are not; there was another and central reason why Mayfield’s probation was revoked. The primary reason appears to be that he tested positive for cocaine use. His failure to report to his probation officer was the other explicit ground upon which the court relied. We conclude that the cocaine use was an independent and adequate basis on which probation was revoked. The failure to inquire into ability to pay the assessments was at most harmless error.
¶ 17. Mayfield attacks the adequacy of the proof of illegal drug use. Two days after being arrested he was required to provide a sample for urinalysis. The sample was examined by an independent certified laboratory and the presence of cocaine was detected. Mayfield avers that a second drug test is necessary to confirm the results since this may have been a “false positive” result. Instead, we find that the crime lab report introduced at the revocation hearing demonstrates that proper testing procedures were followed. There was no requirement of additional testing.
¶ 18. Finally, Mayfield asserts that he could not be charged with' failure to report to his probation officer in June 1998. Mayfield claims that on the day he was to report he was arrested. However, Mayfield had the option to report on either the first or second Tuesday of each month. He did not report on the first Tuesday. The second Tuesday was the day of his arrest on other charges, but according to Mayfield, he was not arrested until 11:00 P.M., well after the time for reporting. The probation officer testified that May-field was arrested in the “late afternoon,” though she was relying on what someone from the sheriffs office told her two days after the arrest.
¶ 19. We find that the only direct evidence of when the arrest occurred came from Mayfield himself. It revealed that he had let the opportunity pass by to report to his probation officer in June. There was no error in using .this as one of the grounds to revoke probation.

III. Complexity of issues

¶ 20. We now return to the deferred first issue regarding the need for counsel at the revocation hearing. These issues of failure to report, cocaine use, and failure to make payments were not complex. There was no error in allowing the hearing to proceed without appointed counsel.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.