# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00406-COA

**ARMOND RAKEEM LEWIS A/K/A ARMOND LEWIS A/K/A ARMOND RAHEEM LEWIS**                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2017 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ARMOND RAKEEM LEWIS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED: 08/14/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT**:

¶1.     Armond Raheem Lewis appeals the Jackson County Circuit Court's denial of his motion for post-conviction relief (PCR). He claims the circuit court improperly revoked his post-release supervision (PRS) and imposed the remainder of his original sentences for aggravated assault and possession of a controlled substance. In those cases, he was originally sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) with twelve years suspended and eight years to serve. On appeal, we find no error and affirm the circuit court's judgment.

**FACTS**

¶2.    Lewis pled guilty to aggravated assault and possession of a controlled substance on August 12, 2011. He was sentenced to twenty years for the aggravated assault with twelve years on PRS and eight years to serve in the custody of the MDOC. He was sentenced to serve eight years for possession of a controlled substance. The possession sentence was ordered to run concurrently with the aggravated assault sentence.

¶3.    At some point in time after his incarceration, Lewis was released on PRS. The State's notification of its intent to revoke Lewis's PRS was dated March 13, 2016. In support of its request for revocation of Lewis's PRS, the State alleged that: (1) Lewis was charged with domestic violence simple assault on August 13, 2015; (2) Lewis was arrested for false identification (ID) and possession of marijuana on March 7, 2016; (3) Lewis failed to report to the MDOC for over eight months; (4) Lewis failed to pay his MDOC supervision fees as directed; and (5) Lewis failed to pay all court ordered fines and fees as directed. While the State alleged Lewis violated his PRS in a number of ways, Lewis, through his counsel at the revocation hearing, denied committing only one of the enumerated violations—the August 2015 charge of domestic violence. To the remaining alleged violations of his PRS, Lewis made no denial. The circuit court held a revocation hearing on May 5, 2016. In its revocation order, the circuit court delineated that Lewis "[m]ore likely than not" violated his PRS on each of the grounds alleged. Lewis was ordered to serve the remainder of his two original sentences.

¶4.    Lewis filed a PCR motion that was subsequently denied by the circuit court. Therein, Lewis claimed the circuit court erred in that: (1) the trial judge never asked Lewis why he

2

did not pay his ordered restitution; (2) the trial court failed to hold Lewis's revocation hearing within seventy-two hours of his arrest; (3) the trial court failed to recognize that Lewis's alleged violations were only technical violations; and (4) the trial court unconstitutionally revoked Lewis's PRS. The circuit court found Lewis's claims to be meritless and denied his PCR motion. On appeal, Lewis claims that he is entitled to relief based on the same four grounds presented to the trial court.

## STANDARD OF REVIEW

¶5. A trial court's denial of a PCR motion will not be reversed unless it is found to be clearly erroneous. *Stokes v. State*, 199 So. 3d 745, 748 (¶7) (Miss. Ct. App. 2016). The trial court's legal conclusions, however, are reviewed under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## DISCUSSION

¶6. First, Lewis states that the trial judge violated the guarantees of the Fourteenth Amendment to the United States Constitution in failing to ask Lewis why his restitution payments had not been made. However, he provides no authority requiring any such inquiry from the trial court. "It is the appellant's duty to provide authority and support for the issues he presents." *Edwards v. State*, 856 So. 2d 587, 599 (¶45) (Miss. Ct. App. 2003) (citing *Rigby v. State*, 826 So. 2d 694, 707 (¶44) (Miss. 2002)); *accord Hoops v. State*, 681 So. 2d 521, 526 (Miss. 1996). Even without the required authority from Lewis, we note that this Court in *Mayfield v. State* stated: "if a trial judge is **considering revoking probation because of failure to make required payments,** the United States Supreme Court **has**

3

**suggested** that it is the judge's affirmative duty to inquire into the reasons for the failure."

*Mayfield v. State,* 822 So. 2d 332, 335 (¶15) (Miss. Ct. App. 2002) (emphasis added) (citing

*Bearden v. Georgia*, 461 U.S. 660, 667-68, (1983)).

¶7.     Here, as in *Mayfield*, Lewis did not allege an inability to pay the fine and supervision

fees at the revocation hearing.  And, as in *Mayfield*, we do not need to decide whether Lewis

was able to pay because even if he was not, as will be discussed herein, there are other "and

central reason[s] why [Lewis's] probation was revoked." *Id*.  Thus, here and in the *Mayfield*

case, the trial court's "failure to inquire into ability to pay . . . was at most harmless error."

*Id*.  Finding no support for this claim, we deny it as meritless.

¶8.     Second, Lewis argues that the circuit court violated his due process rights because of

the timing of his revocation hearing.  He cites Mississippi Code Annotated section 47-7-

37(3) (Rev. 2015) for authority that an informal preliminary revocation hearing is required

within seventy-two hours of arrest and, further, that should a revocation hearing not be held

within twenty-one days, the offender should be released from custody and returned to PRS

status.

¶9.     A plain reading of the statute reflects that both the seventy-two-hour and twenty-one-

day deadlines are triggered by an arrest obtained pursuant to a warrant for alleged violation

of probation.  Miss. Code Ann. § 47-7-37(3).  It reads:

> Whenever an offender is arrested **on a warrant for an alleged violation of**
> **probation** as herein provided, the department shall hold an informal
> preliminary hearing within seventy-two (72) hours of the arrest . . . [and] the
> offender may be confined no more than twenty-one (21) days . . . .

(Emphasis added).  On March 7, 2016, Lewis was a passenger in a vehicle stopped for a

traffic offense. When asked to identify himself, Lewis provided a false name to the officer. Lewis admitted to smoking marijuana in the vehicle, leading to a search of the vehicle. When a marijuana cigarette was found on the floorboard between the door and passenger seat, Lewis was charged with possession of marijuana. This charge prompted his March 7, 2016 arrest. Thereafter, the State notified Lewis of its intent to revoke his PRS. Lewis was not detained simply pending a decision on the revocation of his PRS. Rather, he was arrested on another charge. Thus the deadlines of section 47-7-37(3) were not triggered, and this issue is without merit.

¶10. As to Lewis's third point of error, we agree that the trial court considered at least one of Lewis's violations to be more than a technical violation. The trial court stated, "I'm finding that the false ID [charge] certainly is more than a technical violation." However, even with that agreement, we find the trial court was within its authority when it ordered Lewis to serve the remainder of his suspended sentences. The trial court based Lewis's revocation upon: (1) a charge of false ID; (2) a charge of domestic violence;[1] (3) an arrest for possession of marijuana; and (4) his failure to report to the MDOC.

¶11. If we consider each of the remaining charges to be technical violations of Lewis's PRS, at the revocation hearing, the State established and the trial court found that Lewis committed at least three separate technical violations—three separate acts or omissions that violated a condition of his PRS. Mississippi Code Annotated section 47-7-37(5)(a) provides

---

[1] Although a charge of domestic violence was included in the trial court's revocation order, the State concedes that it asked the trial court, at the revocation hearing, to proceed with consideration of Lewis's revocation without presenting evidence regarding this charge. As such, this charge should not be a basis for a technical violation of Lewis's PRS.

5

in relevant part:

> If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one hundred twenty (120) days for the second technical violation. **For the third technical violation**, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or **the court may impose the remainder of the suspended portion of the sentence**. For the fourth and any subsequent technical violation, the court may impose up to the remainder of the suspended portion of the sentence.

(Emphasis added). Therefore, under the plain language of the statute, the trial court was entitled to impose the remainder of the suspended portion of Lewis's sentence, with or without considering the false ID charge. Thus, this issue is without merit.

¶12. Mississippi Code Annotated section 47-7-37.1 provides an additional basis entitling the trial court to impose the remainder of Lewis's sentence:

> Notwithstanding any other provision of law to the contrary, if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence. For purposes of this section, "absconding from supervision" means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months.

The trial court had before it evidence that Lewis wholly failed to report to his supervising officer for nearly one year.

¶13. In his final point of error, Lewis states simply that "[his] supervised release was unlawfully revoked . . . for a technical violation." He claims the statute under which his PRS was revoked is unconstitutional, yet he provides no support for this claim. On questions of constitutionality, this Court's review is limited by: (1) a strong presumption of

6

constitutionality; (2) the challenging party's burden to prove the statute unconstitutional beyond a reasonable doubt; and (3) resolving all doubts in favor of a statute's validity. *Atwood v. State*, 183 So. 3d 843, 845 (¶5) (Miss. 2016); *Johnson v. Sysco Food Servs.*, 86 So. 3d 242, 243-44 (¶3) (Miss. 2012). Again, "[i]t is the appellant's duty to provide authority and support for the issues he presents." *Edwards*, 856 So. 2d at 599 (¶45) (quoting *Rigby*, 826 So. 2d at 707 (¶44)); *accord Hoops*, 681 So. 2d at 526. On this, Lewis offers no support or authority and wholly fails to create any doubt as to the constitutionality of the statute. And therefore, we find this claim also to be without merit.

¶14. As Lewis has failed to offer any merit in support of his claims, he has failed to show cause for his revocation to be set aside, and we affirm the trial court's order.

¶15. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON AND GREENLEE, JJ., CONCUR. IRVING, P.J., FAIR AND WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., CONCURS IN PART AND IN THE RESULT WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., FAIR AND WILSON, JJ.**

**WESTBROOKS, J., CONCURRING IN PART AND IN RESULT:**

¶16. I concur, but write separately because I disagree with the majority's analysis on the trial court's failure to make an affirmative inquiry into whether Lewis could pay his fines and fees at his revocation hearing. The majority states that Lewis alleged no inability to pay; however, it is the court's duty to make the inquiry, not the defendant's.

¶17. The United States Supreme Court has held that "in revocation proceedings for failure to pay a fine or restitution, a sentencing court **must** inquire into the reasons for the failure to

pay." *Bearden v. Georgia*, 461 U.S. 660, 672 (1983) (emphasis added). This Court has held the same. *See Mayfield v. State*, 822 So. 2d 332, 335 (¶15) (Miss. Ct. App. 2002).

¶18.     The majority cites to *Mayfield* in support of assertions that the error was harmless, however, the primary reasons Mayfield was revoked was because he tested positive for cocaine and failed to report to his probation officer, not because he failed to pay his fines. In affirming the trial court's decision, this Court stated that "[w]e conclude that the cocaine use was an independent and adequate basis on which probation was revoked." *Id.* at 336 (¶16). Here, Lewis's revocation was based on five reasons,[2] two being "failure to pay probation supervision fee" and "failure to pay all court-ordered fines and fees." While there was testimony given by Lewis's parole officer, during the revocation hearing, about Lewis's failure to pay and the amount owed, the trial court never asked Lewis or anyone else why he did not pay.

> Q: In addition, you also allege that he's violated Conditions K, N, O, P and Q. That has to do with the payment of fines and fees. It says that he has not paid since October the 4th of 2007. Since you've been employed with the Mississippi Department of Corrections, have you received a payment to the account of Mr. Armond Raheem Lewis?
>
> A: No.
>
> Q: And so you were employed in June of 2015, so you have personal knowledge that you have not received a payment from Mr. Lewis since at least June of 2015?
>
> A: I've not received a payment, no.
>
> Q: In addition, can you tell the Court the arrearage that Mr. Armond Raheem

---

[2] These reasons include (1) marijuana, (2) false identification, (3) failure to report, (4) failure to pay fines, and (5) failure to pay supervision fees.

Lewis owes at this point in time?

A: We've got a total balance of $1,485 zero cents.

. . . .

Q: And can you tell me how much he - - the paperwork that he signed up for, how much he was supposed to pay per month.

A: That would be in his intake package, which I do not have on me.

Q: All right. So at this point today, you can't say what he was supposed to pay per month; correct?

A: That's correct.

¶19. No further testimony regarding the fines and fees was given by the parole officer or any other witnesses. Therefore, I believe that the trial court had an affirmative duty to inquire why Lewis failed to pay his fines and fees before including it in its determination to revoke his probation.

**IRVING, P.J., FAIR AND WILSON**, **JJ., JOIN THIS OPINION.**