# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01271-COA

**JAMES J. BRUMFIELD A/K/A JAMES BRUMFIELD**                               **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                  **APPELLEE**

DATE OF JUDGMENT:              10/23/2020
TRIAL JUDGE:                  HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:    WALTHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       JAMES J. BRUMFIELD (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: SCOTT STUART
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 06/21/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     James Brumfield appeals the Walthall County Circuit Court's denial of his motion for post-conviction relief (PCR). In his PCR motion, Brumfield challenged the timeliness of his probation revocation hearing. Finding no error, we affirm the circuit court's order.

## FACTS

¶2.     In 2017, Brumfield was convicted in Walthall County of fleeing from a law enforcement officer and possession of stolen property. The record indicates that Brumfield's sentence included a term of probation. On July 3, 2019, while released on probation, Brumfield was arrested by the Marion County Sheriff's Office on a separate indictment or

by a charging affidavit for aggravated assault and attempted murder. According to Brumfield, he "has been in continued custody since the date of his arrest on July 3, 2019."

¶3. On January 22, 2020, Brumfield filed a PCR motion in the Walthall County Circuit Court.[1] In his motion, Brumfield claimed that shortly after he was arrested by the Marion County Sheriff's Office, he was served with a revocation warrant charging him with violating the terms of his probation in Walthall County. Brumfield claimed that he has been held in custody since July 3, 2019, without a preliminary hearing and without a probation revocation hearing, in violation of Mississippi Code Annotated section 47-7-37(3) (Supp. 2018). Brumfield argued that because the Mississippi Department of Corrections failed to hold a preliminary hearing or a probation revocation hearing within the time frame provided by section 47-7-37(3), he must "be released from custody and returned to probation status." Miss. Code Ann. § 47-7-37(3).

¶4. On October 23, 2020, the circuit judge entered an order denying Brumfield's PCR motion. Brumfield now appeals.

## STANDARD OF REVIEW

¶5. We review a circuit court's denial or dismissal of a PCR motion for an abuse of discretion. *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017). A circuit court's denial or dismissal of a PCR motion will only be disturbed if the court's findings are clearly

---

[1] After filing his motion, Brumfield also filed additional motions and letters, all of which the circuit judge considered to be part of his PCR motion.

erroneous. *Id*. Questions of law are reviewed de novo. *Id*.

**DISCUSSION**

¶6. On appeal, Brumfield argues that he is being unlawfully detained while awaiting a hearing on the violations of the conditions of his probation. Brumfield asserts that because he has not received a probation revocation hearing within the time frame provided by section 47-7-37, he must be released from custody and returned to his prior probation status.

¶7. Section 47-7-37(3) provides as follows:

> Whenever an offender is arrested on a warrant for an alleged violation of probation as herein provided, the department shall hold an informal preliminary hearing within seventy-two (72) hours of the arrest to determine whether there is reasonable cause to believe the person has violated a condition of probation. A preliminary hearing shall not be required when the offender is not under arrest on a warrant or the offender signed a waiver of a preliminary hearing. The preliminary hearing may be conducted electronically. If reasonable cause is found, the offender may be confined no more than twenty-one (21) days from the admission to detention until a revocation hearing is held. If the revocation hearing is not held within twenty-one (21) days, the probationer shall be released from custody and returned to probation status.

¶8. In its order denying Brumfield's PCR motion, the circuit court found that Brumfield's PCR arguments were based on "a number of misunderstandings." The circuit court explained that while Brumfield was on probation, he was arrested by the Marion County Sheriff's Office for aggravated assault and attempted murder. Shortly after Brumfield's arrest in Marion County, the Walthall County Circuit Court issued a separate warrant for his arrest due to material violations of the conditions of his probation, including absconding supervision for a year, failing to pay supervision fees and court-imposed fines, and being

3

arrested for aggravated assault and attempted murder in Marion County. The circuit court explained that Brumfield's arrest by the Marion County Sheriff's Office was the result of an "indictment for new charges," and not the result of Brumfield's probation violations and a later-issued warrant in Walthall County. The circuit court also stated that Brumfield's probation violations are material, rather than technical, in nature, "which alters the application time limitations for revocation hearings." The circuit court held that because Brumfield was currently in custody "awaiting trial on his new charges" in Marion County, the circuit court was allowed "reasonable time" to hold Brumfield's revocation hearing.

¶9.     The record before us does not contain the following documents: Brumfield's 2017 sentencing order; the State's motion to revoke Brumfield's probation; or any order revoking Brumfield's probation.[2] In his designation of the record on appeal, Brumfield requested to include documents pertaining to his 2017 convictions. The only document he requested that pertained to his present PCR motion was the circuit court's order denying his PCR motion. "The burden rests upon the appellant to see to it that the record contains all data essential to an understanding and presentation of matters relied upon for reversal on appeal." *Brown v. State*, 54 So. 3d 882, 884 (¶10) (Miss. Ct. App. 2011) (quoting *Shelton v. Kindred*, 279 So.

---

[2] Brumfield attached several documents to his initial appellate brief and reply briefs that are not a part of the record. "[T]his Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record." *Brown v. State*, 54 So. 3d 882, 884 (¶10) (Miss. Ct. App. 2011). The documents that Brumfield attached to his briefs are not part of the appellate record; therefore they will not be considered by this Court.

2d 642, 644 (Miss. 1973)). "Our law presumes that the judgment of the trial court is correct, and the appellant has the burden of demonstrating some reversible error to this Court." *Sago v. State*, 978 So. 2d 1285, 1287 (¶3) (Miss. Ct. App. 2008).

¶10.    The record shows that Brumfield was arrested on July 3, 2019, for attempted murder and aggravated assault. The record also shows that at the time Brumfield filed his PCR motion, he was still being detained on those particular charges. Section 47-7-37(5)(b) states, "If the offender is not detained as a result of the warrant, the court shall cause the probationer to be brought before it within a reasonable time . . . ." Because Brumfield is currently in custody on charges unrelated to his probation violation, section 47-7-37(5)(b) allows the circuit court "a reasonable time" to hold Brumfield's revocation hearing.

¶11.    Additionally, this Court has explained that seventy-two-hour and twenty-one-day time limits set forth in section 47-7-37(3) "are triggered by an arrest obtained pursuant to a warrant for alleged violation of probation." *Lewis v. State*, 270 So. 3d 169, 172 (¶9) (Miss. Ct. App. 2018). In *Lewis*, this Court found that because the PCR movant was arrested on another charge, and "was not detained simply pending a decision on the revocation of his PRS[,]" then the time limits of section 47-7-37(3) "were not triggered." *Lewis*, 270 So. 3d at 172 (¶9). For the same reason, we find that the time limits of section 47-7-37(3) were not triggered in the case before us.

¶12.    Furthermore, section 47-7-37(10) provides that "[u]*nless good cause for the delay is established in the record of the proceeding*, the probation revocation charge shall be

5

dismissed if the revocation hearing is not held within thirty (30) days of the warrant being issued." (Emphasis added). We find that Brumfield's detention on separate charges, which is established in the record, constitutes good cause for the delay of his revocation hearing.

¶13. After our review of the record before us, we find no abuse of discretion in the circuit court's decision to deny Brumfield's PCR motion. *See Hill v. State*, 940 So. 2d 972, 974 (¶11) (Miss. Ct. App. 2006). We therefore affirm the order.

¶14. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**