# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00227-COA

**EDDIE J. HARRIS A/K/A EDDIE JAMES HARRIS**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/17/2023 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDDIE J. HARRIS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/30/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Eddie J. Harris pled guilty to sexual battery on November 2, 2020. The Leflore County Circuit Court ordered Harris to serve a twenty-year sentence, which was suspended conditioned upon his serving one year and eight months in custody (with credit for time served), to be followed by three years and four months of supervised probation and five years of unsupervised probation.[1]

¶2.     A few months later, it was reported that Harris had violated terms of his probation by

---

[1]  Because the victim was mentally challenged and bore a child as a result of the sexual battery, the State recommended the suspended sentence to avoid "traumatizing the victim" by having her testify.

failing (1) to report to his probation officer, (2) to register as a sex offender, (3) to pay supervision fees, and (4) to pay the court-ordered fees and fines. On May 10, 2021, the circuit court held a hearing, revoked Harris's suspended sentence, and ordered him to serve twenty years in the custody of the Mississippi Department of Corrections with credit for time served.

¶3. Aggrieved, Harris filed a motion for post-conviction relief (PCR) on October 28, 2022, arguing that the circuit court should have remanded him to a technical violation center rather than prison.[2] He also claimed the court violated his constitutional rights by not inquiring as to his ability to pay and by not appointing an attorney to represent him at the revocation hearing. The circuit court denied Harris's PCR motion, finding that "revocation was proper." Harris appeals, claiming that his due process rights were violated because the circuit court did not inquire about his inability to pay.[3]

**STANDARD OF REVIEW**

¶4. This Court will only reverse a circuit court's denial of a PCR motion if the court abused its discretion or its decision "is clearly erroneous." *Britton v. State*, 313 So. 3d 1056, 1059 (¶9) (Miss. Ct. App. 2021). "When reviewing questions of law, our standard is de novo." *Id*.

**DISCUSSION**

---

[2] *See* Miss. Code Ann. § 47-7-37 (Supp. 2018).

[3] Harris did not include in his appeal the prior assignments of error regarding the appointment of an attorney and the failure to assign him to a technical violation center rather than prison. Those issues "not argued in the brief on appeal are abandoned and waived." *Arrington v. State*, 267 So. 3d 753, 756 (¶8) (Miss. 2019).

¶5.    In *Mayfield v. State*, 822 So. 2d 332 (Miss. Ct. App. 2002), our Court recognized that "if a trial judge is considering revoking probation *because of failure to make required payments*, the United States Supreme Court has suggested that it is the judge's affirmative duty to inquire into the reasons for the failure[.]" *Id*. at 335 (¶15) (emphasis added) (citing *Bearden v. Georgia*, 461 U.S. 660, 667-68 (1983)). However, because the trial court's decision to revoke probation was primarily due to the appellant's testing positive for cocaine, we found the court's "failure to inquire into ability to pay the assessments was at most harmless error." *Id*. at 336 (¶16).

¶6.    In its order denying Harris's PCR motion, the circuit court likewise concluded that any "failure to inquire as to Harris'[s] ability to pay his fees and assessments to be at most harmless error." We agree. Although Harris claims that "[t]here is no proof in the record of any other reason" for the revocation, the record indicates otherwise. In addition to his failure to pay "[s]upervision fees [and] court ordered payments," the State also asserted that Harris had "failed to report since January 2021" and had "failed to register as a sex offender as required by the law."

¶7.    We also find no merit to Harris's argument that he "was never ever asked to provide a defense." The circuit court judge directly asked Harris if he had "anything to say in response to these charges brought against you by the Department of Corrections." Harris did not dispute the State's allegation but merely told the court that he had experienced some health problems (i.e, "congestive heart failure" and "light heart attack") that prevented him from reporting, noting, "[S]ome days I couldn't get up and do it." He also explained to the

circuit court that "the reason [he] didn't register [as a sex offender] was because [he] had to buy some medicine." Thus, the court afforded Harris an opportunity at the revocation hearing to provide a defense and to state his reasons for the failure to pay the court fines and fees. *See Lewis v. State*, 270 So. 3d 169, 171-72 (¶¶6-7) (Miss. Ct. App. 2018) (rejecting claim that court violated appellant's constitutional rights "in failing to ask . . . why . . . restitution payments had not been made," as the appellant "did not allege an inability to pay the fine and supervision fees at the revocation hearing," and there were other reasons why probation was revoked). Accordingly, we affirm the circuit court's order denying Harris's PCR motion.

¶8.     **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**