990 So.2d 828 (2008)
Bobby Earl WILSON, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01541-COA.
Court of Appeals of Mississippi.
September 23, 2008.
*829 Bobby Earl Wilson Jr. (pro se).
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., ROBERTS and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This case comes before the Court from the order of the Circuit Court of Warren County dismissing Bobby Earl Wilson Jr.'s motion for post-conviction relief as time-barred. Wilson appealed pro se and raised two issues:
I. Whether he was denied due process when the trial judge dismissed his motion for post-conviction relief "without applying pro se liberal rules."
II. Whether he was denied effective assistance of counsel when he pled guilty to burglary of an automobile.
¶ 2. The trial judge was technically accurate when he dismissed Wilson's motion for post-conviction relief as time-barred. However, on an even broader level, Wilson lacked standing to file the motion. In order to have standing to bring a motion for post-conviction relief, the petitioner must be in custody for the crime for which he seeks post-conviction relief. Graves v. State, 822 So.2d 1089, 1091(¶ 6) (Miss.Ct. App.2002). Because Wilson is no longer in custody for the 1994 burglary conviction for which he now seeks post-conviction relief, he lacks standing. Accordingly, this Court lacks jurisdiction and must dismiss Wilson's appeal.

FACTS
¶ 3. On June 11, 2007, Wilson filed a pro se motion for post-conviction relief alleging he suffered ineffective assistance of counsel when he pled guilty to a 1994 automobile burglary charge. The trial judge dismissed the motion on July 24, 2007, as time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev.2007). Wilson appealed that decision on February 11, 2008. In his appeal, Wilson collaterally attacks his 1994 automobile burglary conviction as the basis for his habitual offender status.
¶ 4. To be sentenced to life imprisonment without eligibility for parole under the habitual offender statute, a defendant must have been convicted of at least two separate felony crimes. Miss.Code Ann. § 99-19-83 (Rev.2007). Wilson was convicted in 1994 for automobile burglary and in 1999 for bank robbery. After Wilson's conviction for bank robbery in 2004, he was sentenced as a habitual offender to serve a term of life imprisonment without eligibility for parole due to his prior convictions for burglary and bank robbery.

STANDARD OF REVIEW
¶ 5. On appeal, we will not reverse the trial court's decision to dismiss a motion for post-conviction relief "absent a finding that the trial court's decision was clearly erroneous." Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). The trial court may summarily dismiss a motion for post-conviction relief "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief...." Miss.Code Ann. § 99-39-11(2) (Rev.2007). We conduct a de novo review of the record to *830 determine whether the petitioner has failed to demonstrate "a claim procedurally alive `substantially showing denial of a state or federal right, ...'" Young v. State, 731 So.2d 1120, 1122(9) (Miss.1999) (quoting Myers v. State, 583 So.2d 174, 176 (Miss.1991)).

DISCUSSION
¶ 6. Wilson cannot collaterally attack his 1994 conviction through his current appeal because he lacks standing to do so. Under Mississippi Code Annotated section 99-39-5, to have standing to bring a post-conviction-relief motion, "[A] prisoner must be serving time under the sentence he complains of...." Graves, 822 So.2d at 1091(¶ 6). At the time of filing his current appeal, Wilson was not in custody under his 1994 automobile burglary conviction. Currently, Wilson is serving a sentence under his 2004 bank robbery conviction, for which his 1994 conviction was used as a basis for his habitual offender status.
¶ 7. Because Wilson lacked standing to bring his post-conviction-relief motion, this Court lacks jurisdiction and, therefore, need not address the merits of Wilson's appeal. Accordingly, we dismiss Wilson's appeal.
¶ 8. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.