# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00985-COA

**JOSEPH PAUL PURVIS A/K/A JOSEPH P. PURVIS**    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**    **APPELLEE**

DATE OF JUDGMENT:               06/17/2016
TRIAL JUDGE:                    HON. JOHN HUEY EMFINGER
COURT FROM WHICH APPEALED:      RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         BRENT M. BRUMLEY
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: KAYLYN HAVRILLA MCCLINTON
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 12/05/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., BARNES AND WESTBROOKS, JJ.

### BARNES, J., FOR THE COURT:

¶1.    Joseph Purvis appeals the Rankin County Circuit Court's denial and dismissal of his motion for post-conviction relief (PCR). Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.    In February 1995, Purvis was indicted for rape. The charge stemmed from a blind date with the victim on New Year's Eve of 1994. That night, Purvis was arrested and spent twelve days in jail, when he was released on bond. Assigned a public defender, Purvis was arraigned and pleaded not guilty to rape on March 24, 1995. On the same date, an order set trial for June 27, 1995. A bench warrant was issued for Purvis on June 16, 1995, with the

handwritten notation "no bond!" It is unclear from the record whether Purvis was taken into custody at that point.

¶3. In July 1995, the case was continued until October 1995 due to a congested docket. The record shows the case was continued several times. In June 1996, Purvis's public defender requested that Purvis's case be reassigned as he had a conflict – counsel had represented the victim on a DUI in the past and was then representing her in a civil matter. In April 1997, the case was continued again to give the parties additional time to investigate the facts and continue plea negotiations. In May 1999, the case was set for trial in June 1999. The record indicates a second bench warrant was issued for Purvis in September 2000.

¶4. Purvis claims that he regularly checked in with his bond company or counsel, but nothing was happening on his case. Eventually, he stopped checking in. Then, on September 6, 2001, Purvis was arrested and taken to the Rankin County jail. He was appointed counsel, who advised him that if he pleaded guilty to sexual battery, the lesser-included charge of rape, he could go free immediately. Purvis entered a guilty plea on the same day, and received a suspended sentence of seven years, with three years of supervised probation. In October 2002, Purvis's probation status was changed to unsupervised.

¶5. On April 27, 2016, Purvis filed a PCR motion claiming his guilty plea was invalid and his counsel was ineffective. Purvis contended that when he pleaded guilty to sexual battery, he was not told that he would have to register as a sex offender for life. Further, he argued that his counsel did not advise him that the statute of limitations had run on the

sexual-battery charge, nor did counsel investigate his case or request any discovery. Simultaneously, Purvis filed a discovery motion for the evidence in the State's file, which he claimed would prove that had his counsel requested this evidence, he would have recommended Purvis reject the plea deal.

¶6. On June 20, 2016, the trial court entered an order denying and dismissing Purvis's PCR motion. The trial court stated that because Purvis was no longer in custody under the conviction and sentence of which he complained, he lacked standing to bring his PCR motion; thus, the court lacked jurisdiction. Additionally, the trial court noted Purvis's motion was time-barred, and no fundamental-rights exceptions applied. Finally, the trial court ruled that Purvis's argument about a statute-of-limitations defense was waived by entry of a guilty plea. Purvis timely appealed.

## STANDARD OF REVIEW

¶7. The trial court's denial or dismissal of a PCR motion is reviewed for an abuse of discretion. *Wallace v. State*, 180 So. 3d 767, 769 (¶7) (Miss. Ct. App. 2016). The appellate court will not disturb the trial court's factual findings unless they are clearly erroneous. Questions of law are reviewed de novo. *Moore v. State*, 986 So. 2d 928, 932 (¶13) (Miss. 2008).

## ANALYSIS

¶8. The trial court denied and dismissed Purvis's PCR motion because at the time of its filing, in April 2016, Purvis was no longer under the conviction and sentence of which he complained. We agree with the trial court that Purvis lacks standing to challenge his

conviction and sentence.

¶9. At the time of Purvis's conviction in September 2001, Mississippi Code Annotated section 99-39-5(1) (Rev. 2000) stated that those who had standing to file a PCR motion were "[a]ny prisoner in custody under sentence of a court of record of the State of Mississippi." Purvis did not qualify as he was not "in custody," but received a suspended sentence and probation. Then, during the 2009 legislative session, section 99-39-5(1) was amended to include more specific descriptions of individuals who may file a PCR motion, including those on probation or subject to sex-offender registration:

> Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period.

Miss. Code Ann. § 99-39-5(1) (Rev. 2015). Purvis did not meet the requirements under this version of the statute, either. He was not incarcerated or on probation in April 2016 when he filed his PCR motion. Further, Purvis's five-year period for sex-offender registration had ended prior to his filing.[1]

¶10. Prisoners cannot collaterally attack their convictions if they lack standing. *See Wilson v. State*, 76 So. 3d 733, 736 (¶13) (Miss. Ct. App. 2011); *Wilson v. State*, 990 So. 2d 828, 830 (¶¶6-7) (Miss. Ct. App. 2008). Purvis had no standing before the trial court as he was never incarcerated; his PCR motion was filed after he had fully served his probation,

---

[1] Although neither the plea agreement nor the court's order states when Purvis had to register as a sex offender, under the statute he must "register with the responsible agency within three business days of the date of judgment," or September 6, 2001, since he was not sentenced to incarceration. *See* Miss. Code Ann. § 45-33-25(1) (Rev. 2015).

4

and more than five years after his registration as a sex offender.

¶11. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**