# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00893-COA

**DONALD KEITH SMITH A/K/A DONALD**
**SMITH A/K/A DONALD K. SMITH**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2017 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DONALD KEITH SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED: 12/11/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., FAIR AND TINDELL, JJ.

### TINDELL, J., FOR THE COURT:

¶1. Donald Keith Smith filed a 2017 post-conviction relief (PCR) motion challenging his 2016 guilty plea and conviction in Jackson County Circuit Court, cause number 2008-10,145, for the charges of attempted kidnapping, armed carjacking, and fleeing and eluding a police officer. The circuit court dismissed portions of Smith's 2017 PCR motion after determining those portions to be successive-writ barred.[1] Because Smith's 2017 PCR motion was his first

---

[1] Smith previously raised the same or similar issues in 2011 and 2012 PCR motions challenging an earlier 2009 guilty plea and sentencing under the same indictment in cause number 2008-10,145. The circuit court denied those PCR motions. However, in *Smith v. State*, 149 So. 2d 1027, 1035 (¶20) (Miss. 2014), the supreme court reversed those judgments and remanded the case to the circuit court.

one following his 2016 guilty plea, it was not successive. We therefore must reverse and remand.

**FACTS**

¶2. On September 2, 2007, Smith entered into Dr. Evalyn Jerkins's car in Jackson County, Mississippi. While using a switchblade knife approximately five-inches long, he grabbed Dr. Jerkins by the arm and threatened Dr. Jerkins and another woman, Rebecca Alleneder. Smith held the women at knifepoint in Dr. Jerkins's car. He drove the car away and thereafter failed to stop the car when requested to do so by the police. Fortunately for Dr. Jerkins, she was able to jump out of the car as Smith backed out of a Walgreens parking lot.

¶3. On March 28, 2008, Smith was indicted under cause number 2008-10,145 on two counts of kidnapping, one count of carjacking while armed with a knife, and one count of felonious evasion of a police officer (2008 indictment). After numerous trial continuances, on June 3, 2009, Smith filed a petition to plead guilty to one count of the kidnapping of Dr. Jerkins, one count of armed carjacking, and one count of felonious evasion. As part of the plea agreement, the State agreed to nolle prosequi the remaining count of kidnapping Alleneder.

¶4. On December 14, 2011, Smith filed his first pro se PCR motion attacking his armed-carjacking conviction and the 2008 indictment. The circuit court found no merit to Smith's claims and denied his 2011 PCR motion. On January 30, 2012, Smith appealed that decision. On February 22, 2012, Smith filed a second pro se PCR motion. In Smith's 2012 PCR motion, he argued there was no factual basis for his armed-carjacking charge and that he was

2

entitled to a court-ordered mental evaluation prior to pleading guilty on the charges stemming from his September 2007 crimes. In denying Smith's 2012 PCR motion, the circuit court noted that it previously ruled on the issues surrounding his armed-carjacking conviction, and it denied Smith's motion as a successive-writ. Miss. Code Ann. § 99-39-23(6) (Rev. 2007). The circuit court also found no error in its failure to provide Smith with a mental evaluation prior to accepting his guilty plea. Smith appealed the circuit court's denial of his 2012 PCR motion.

¶5. In October 2013, this Court consolidated Smith's appeals, found Smith's armed-carjacking arguments to be without merit, and affirmed the circuit court's judgment. However, the supreme court reversed the judgments of this Court and the circuit court, and sent the case back to the circuit court for an evidentiary hearing on Smith's claim that a mental evaluation regarding his competency was required. *Smith v. State*, 149 So. 3d 1027 (¶20) (Miss. 2014), *overruled by Pitchford v. State*, 240 So. 3d 1061, 1035 (¶19) (Miss. 2017).

¶6. In June 2015, again before the circuit court, Smith filed a motion to quash Count III of the 2008 indictment charging him with carjacking. Smith's motion challenged the sufficiency of the indictment insomuch as the State was attempting to convict him of "armed carjacking" when the indictment itself labeled the crime as "carjacking." In response, the State filed a motion to amend Count III of the 2008 indictment to reflect the charge of "armed carjacking" under Mississippi Code Annotated section 97-3-117(2). The circuit court denied Smith's motion to quash, granted the State's motion, and amended Count III of the

2008 indictment to set out the crime of armed carjacking. It was also at this time, and for reasons unknown, the State re-indicted Smith for the same charges in a new multi-count indictment in cause number 2015-10,430(2).

¶7. Although Smith had been re-indicted in cause number 2015-10,430(2), he agreed to plead guilty under the amended 2008 indictment. In December 2016, Smith entered a new guilty plea to attempted kidnapping, armed carjacking, and fleeing and eluding a police officer as set forth in cause number 2008-10,145. The circuit court accepted Smith's guilty plea to the 2008 amended indictment and on that same day sentenced him. In exchange for his guilty plea in cause number 2008-10,145, the State nolle prossed the 2015 indictment.

¶8. After pleading guilty and being sentenced, Smith filed his 2017 PCR motion, challenging Count III of the indictment charging him with armed carjacking, the subject-matter jurisdiction of the circuit court to convict him of the armed carjacking, and his sentence because it exceeded the statutory authority for attempted kidnapping. The circuit court agreed that Smith was sentenced outside the statutory limits for attempted kidnapping, but it dismissed Smith's remaining claims as successive-writ barred. Thereafter, the circuit court resentenced Smith for attempted kidnapping. Smith now appeals the circuit court's order dismissing, in part, his 2017 PCR motion.

## STANDARD OF REVIEW

¶9. We will not reverse a circuit court's dismissal of a PCR motion unless it is found to be clearly erroneous. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). We review the circuit court's legal conclusions de novo. *Id*.

4

¶10.    On appeal, Smith argues (1) the circuit court erred in dismissing his PCR motion as successive-writ barred; (2) the circuit court erred in sentencing him for armed carjacking; and (3) issues with the amended indictment for armed carjacking deprived the circuit court of subject-matter jurisdiction over the armed-carjacking charge.

¶11.    The circuit court's earlier judgments, accepting Smith's guilty pleas and sentencing him were reversed by the supreme court in October 2014. *Smith*, 149 So. 3d at 1035 (¶20). Therein, the supreme court specifically found:

> Smith presented sufficient evidence[,] supporting the denial of his fundamental right not to be convicted while incompetent[,] to survive the summary dismissal of his motion for PCR. Therefore, we reverse the judgments of the Court of Appeals and the Circuit Court of Jackson County and remand the case to the trial court for an evidentiary hearing.

Upon remand, the circuit court set aside Smith's 2009 guilty plea and sentence. The State also amended Counts I and II of Smith's indictment in cause number 2008-10,145. Smith then entered a new guilty plea to the charges set forth in the amended indictment, and the circuit court entered a new sentence.

¶12.    Because Smith was improperly sentenced on the attempted-kidnapping charge, the circuit court granted the 2017 PCR motion on that issue and resentenced Smith for that crime. However, the circuit court dismissed the armed-carjacking portions of Smith's 2017 PCR motion and ruled that "under section 99-39-23(6), a motion is barred as successive if the prisoner previously filed a PCR motion that was subsequently denied and raises the same issues in a later motion."

¶13. Mississippi Code Annotated section 99-39-23(6) (Rev. 2007) provides that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." A review of the record and the handling of Smith's case upon remand reflects that Smith's 2017 PCR motion takes issue with a new, separate and distinct, plea, conviction, and sentence. Nothing in the record reflects any previous proceeding in which Smith requested relief from this new conviction and sentence. Consequently, Smith's 2017 PCR motion is not successive. Miss. Code Ann. § 99-39-23(5)-(6).

**CONCLUSION**

¶14. Because Smith's 2017 PCR motion is not successive, we decline to address the merits, or lack thereof, of Smith's claims. We conclude that the circuit court erred in dismissing Smith's 2017 PCR motion as successive. We therefore must reverse the circuit court's summary dismissal of Smith's 2017 PCR motion and remand this case to the circuit court for consideration of the issues presented by Smith's motion.

¶15. **REVERSED AND REMANDED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**