# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01334-COA

**DAVID JACKSON**                                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/31/2018 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID JACKSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/20/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.

### BARNES, C.J., FOR THE COURT:

¶1. On January 16, 1987, David Jackson was indicted for burglary of an inhabited dwelling at night while armed with a deadly weapon. Jackson signed a petition to enter a guilty plea on February 27, 1987, and the Madison County Circuit Court sentenced him to eight years in the custody of the Mississippi Department of Corrections (MDOC). Jackson served his sentence and was released from custody. The circuit court subsequently convicted Jackson for possession of cocaine with intent to distribute in 1998 and sentenced him to serve thirty years in the MDOC's custody as a habitual offender. The 1987 burglary conviction

was used as a basis for his habitual-offender status.[1]

¶2. Jackson filed a motion for post-conviction relief (PCR) with the circuit court on August 24, 2018, challenging his 1987 burglary conviction from thirty years earlier. Asserting that his PCR motion was excepted from any procedural bars, Jackson alleged the following errors: (1) the denial of his right to counsel; (2) involuntary guilty plea; (3) no factual basis for his guilty plea; (4) ineffective assistance of counsel; and (5) insufficient indictment.

¶3. The circuit court dismissed the motion, finding Jackson lacked standing to bring his motion because he was no longer in custody under his 1987 burglary conviction and sentence. We find no error on appeal and affirm.

## STANDARD OF REVIEW

¶4. This Court reviews a circuit court's dismissal of a PCR motion for abuse of discretion. *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017). A court's factual findings will not be disturbed "unless they are clearly erroneous." *Id*. "Questions of law are reviewed de novo." *Id*.

## DISCUSSION

¶5. Before addressing the merits of Jackson's claims, "[t]he first issue we must address is whether the trial court had jurisdiction to hear the motion[. . . .]" *Craft v. State*, 966 So. 2d 856, 857 (¶5) (Miss. Ct. App. 2007). Mississippi Code Annotated section 99-39-5

---

[1] The second conviction listed as the basis for habitual-offender status was for receiving stolen property in 1993, for which Jackson was sentenced to serve a term of three years in the custody of the MDOC.

provides that "[a]ny person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation . . . may file a motion to vacate, set aside or correct the judgment or sentence[. . . .]" This language is taken from the 2009 amendment to the statute. Prior to the amendment, the statute provided that eligibility to file a PCR motion extended only those persons "in custody" in Mississippi. This Court has determined that the amended language in section 99-39-5 does not include those persons released from custody and no longer suffering the effects of the sentence.

¶6.     In *Wilson v. State*, 76 So. 3d 733, 735 (¶11) (Miss. Ct. App. 2011), this Court held that a petitioner who is "is no longer 'serving time under the sentence he complains of'" lacks standing to bring a PCR motion. (Quoting *Wilson v. State*, 990 So. 2d 828, 830 (¶6) (Miss. Ct. App. 2008)). In that case, as here, the petitioner had completed the sentence that he was challenging but the prior conviction had been used as a basis for habitual-offender status for a subsequent conviction. In *Brown v. State*, 90 So. 3d 645 (Miss. Ct. App. 2012), we addressed whether a petitioner incarcerated in federal jurisdiction, who had been released from MDOC custody, had standing to file a PCR motion, holding:

> Here, Brown invites us to widen the PCR statute's net by liberally interpreting [section 99-39-5] to allow PCR eligibility for movants who have served time in the custody of the MDOC but who have either been permanently released from the MDOC or whose custody is no longer under the control of the State of Mississippi at the time of the PCR motions' filing. We decline Brown's invitation since such an expansion would eviscerate the very purpose of the PCR statute's enactment.

*See also Birmingham v. State*, 159 So. 3d 597, 599 (¶¶8-9) (Miss. Ct. App. 2014) (holding

3

that because the petitioner's sentence had expired years earlier, he lacked standing to file a PCR motion, and the court did not have jurisdiction).

¶7. Because Jackson has served his sentence for his burglary conviction, he lacks standing to file his PCR motion. Therefore, the court properly dismissed the PCR petition for lack of jurisdiction, and we need not consider the merits of Jackson's claims.

¶8. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**