# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01334-COA

**DAVID JACKSON**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**

DATE OF JUDGMENT:               08/31/2018
TRIAL JUDGE:                    HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:      MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         DAVID JACKSON (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: SCOTT STUART
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 08/20/19
MOTION FOR REHEARING FILED:     09/13/2019 - GRANTED; REVERSED AND
                                REMANDED - 12/17/2019
MANDATE ISSUED:

 EN BANC.

 BARNES, C.J., FOR THE COURT:

## MODIFIED OPINION ON MOTION FOR REHEARING

¶1.     The motion for rehearing is granted based on the Mississippi Supreme Court's

decision in *Howell v. State*, No. 2018-CA-00813-SCT, 2019 WL 6208366 (Miss. Nov. 21,

2019). The original opinion is withdrawn, and this modified opinion is substituted in its

place.

¶2.     On January 16, 1987, David Jackson was indicted for burglary of an inhabited

dwelling at night while armed with a deadly weapon.  Jackson signed a petition to enter a

guilty plea on February 27, 1987, and the Madison County Circuit Court sentenced him to

serve eight years in the custody of the Mississippi Department of Corrections (MDOC). Jackson served his sentence and was released from custody. The circuit court subsequently convicted Jackson for possession of cocaine with intent to distribute in 1998 and sentenced him to serve thirty years in the MDOC's custody as a habitual offender. The 1987 burglary conviction was used as a basis for his habitual-offender status.[1]

¶3. Jackson filed a motion for post-conviction relief (PCR) with the circuit court on August 24, 2018, challenging his 1987 burglary conviction from thirty years earlier. Asserting that his PCR motion was excepted from any procedural bars, Jackson alleged the following errors: (1) the denial of his right to counsel; (2) involuntary guilty plea; (3) no factual basis for his guilty plea; (4) ineffective assistance of counsel; and (5) insufficient indictment.

¶4. The circuit court dismissed the motion, finding Jackson lacked standing to bring his motion because he was no longer in custody under his 1987 burglary conviction and sentence. Based on the Mississippi Supreme Court's recent decision in *Howell v. State*, No. 2018-CA-00813-SCT, 2019 WL 6208366, at *4 (¶18) (Miss. Nov. 21, 2019), we find that Jackson has standing to bring his PCR motion. Accordingly, we reverse and remand to the circuit court to consider the merits of Jackson's claims. *Id*. at (¶19).

## STANDARD OF REVIEW

¶5. This Court reviews a circuit court's dismissal of a PCR motion for abuse of discretion.

---

[1] The second conviction listed as the basis for habitual-offender status was for receiving stolen property in 1993, for which Jackson was sentenced to serve a term of three years in the custody of the MDOC.

*Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017). A court's factual findings will not be disturbed "unless they are clearly erroneous." *Id*. "Questions of law are reviewed de novo." *Id*.

**DISCUSSION**

¶6. Mississippi Code Annotated section 99-39-5(1) (Rev. 2015) provides that "[a]ny person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation . . . may file a motion to vacate, set aside or correct the judgment or sentence. . . ." This language is taken from the 2009 amendment to the statute. Prior to the amendment, the statute provided that eligibility to file a PCR motion extended only those persons "in custody" in Mississippi.

¶7. This Court has previously held that the amended language in section 99-39-5 did not include those persons released from custody and no longer suffering the effects of the sentence. In *Wilson v. State*, 76 So. 3d 733 (Miss. Ct. App. 2011), we determined that a petitioner who is "is no longer 'serving time under the sentence he complains of'" lacks standing to bring a PCR motion. *Id*. at 735 (¶11) (quoting *Wilson v. State*, 990 So. 2d 828, 830 (¶6) (Miss. Ct. App. 2008)). In that case, as here, the petitioner had completed the sentence that he was challenging, but the prior conviction had been used as a basis for habitual-offender status for a subsequent conviction. In *Brown v. State*, 90 So. 3d 645 (Miss. Ct. App. 2012), we addressed whether a petitioner incarcerated in a federal prison, who had been released from the MDOC's custody, had standing to file a PCR motion, holding:

> Here, Brown invites us to widen the PCR statute's net by liberally interpreting
> [section 99-39-5] to allow PCR eligibility for movants who have served time

3

in the custody of the MDOC but who have either been permanently released from the MDOC or whose custody is no longer under the control of the State of Mississippi at the time of the PCR motions' filing. We decline Brown's invitation since such an expansion would eviscerate the very purpose of the PCR statute's enactment.

*Id*. at 646, 649-50 (¶¶1, 17); *see also Birmingham v. State*, 159 So. 3d 597, 599 (¶¶8-9) (Miss. Ct. App. 2014) (holding that because the petitioner's sentence had expired years earlier, he lacked standing to file a PCR motion, and the court did not have jurisdiction).

¶8.     However, in *Howell*, the supreme court "disagree[d]" with this Court's interpretation of the 2009 amendment to section 99-39-5, holding:

> The 2009 amendment altered the class of individuals who have standing to proceed with a motion for postconviction relief. Through the amendment, the Legislature removed the requirement that the movant be under the effect of the sentence that he wishes to challenge. Before the amendment, the plain language of Section 99-39-5(1)(d) provided standing to "any prisoner in custody under sentence of a court of record of the State of Mississippi who claims: . . . That the sentence exceeds the maximum authorized by law." Miss. Code Ann. § 99-39-5(1)(d) (Rev. 2015). In contrast, following the amendment, the plain language of Section 99-39-5(1)(d) now provides standing to "any person sentenced by a court of record of the State of Mississippi, including . . . if the person claims: . . . That the sentence exceeds the maximum authorized by law." Miss. Code Ann. § 99-39-5(1)(d) (Rev. 2015).
>
> Standing no longer hinges on the requirement of being "any prisoner in custody under sentence of a court of record of the State of Mississippi." Instead, postconviction relief is available to "any person sentenced by a court of record of the State of Mississippi." Miss. Code Ann. § 99-39-5(1) (Rev. 2015); *see also Brown v. State*, 83 So. 3d 459, 462-64 (¶¶9-15) (Miss. Ct. App. 2012) (Roberts J., concurring in result only).

*Howell*, 2019 WL 6208366, at *4 (¶¶15-16). Therefore, in accordance with the supreme court's ruling in *Howell*, we find that Jackson has standing to bring his PCR motion for his 1987 conviction. Because the circuit court dismissed his PCR motion for lack of jurisdiction,

4

we reverse and remand the case for additional findings by the court as to the merits of the issues raised by Jackson. *See Graham v. State*, 85 So. 3d 847, 850-51 (¶¶5-6) (Miss. 2012) (holding that when the circuit court, who has "exclusive, original jurisdiction" over a PCR motion, fails to consider the merits, the appellate court should not rule on the merits but remand to the court "for further consideration").

¶9. **REVERSED AND REMANDED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**