# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00714-COA

**DAVID JACKSON A/K/A DAVID DONNELL**                    **APPELLANT**
**JACKSON**

**v.**

**STATE OF MISSISSIPPI**                                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/2020 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID JACKSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/10/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND McDONALD, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     David Donnell Jackson appeals from the Madison County Circuit Court's order

denying his motion for post-conviction relief (PCR) as procedurally barred and without

merit.  Finding no error, we affirm the circuit court's judgment.

## FACTS

¶2.     In February 1987, Jackson pleaded guilty to the charge of burglary of an inhabited

dwelling at night while armed with a deadly weapon.  The Madison County Circuit Court

sentenced him to serve eight years in the custody of the Mississippi Department of

Corrections (MDOC).  Jackson served his sentence and was released from custody.

¶3. In 1998, Jackson was convicted of possession of cocaine with intent to distribute. The circuit court sentenced Jackson, as a habitual offender, to serve thirty years in the custody of the MDOC. Jackson's 1987 burglary conviction was used as a basis for his habitual-offender status.

¶4. On August 24, 2018, more than thirty years after his guilty plea for his 1987 burglary conviction, Jackson filed a PCR motion challenging his 1987 burglary conviction. The trial court dismissed Jackson's PCR motion after finding that Jackson lacked standing to bring his motion because he was no longer in custody under his 1987 burglary conviction and sentence. On appeal, this Court found that pursuant to *Howell v. State*, 283 So. 3d 1100, 1105 (¶18) (Miss. 2019), "Jackson has standing to bring his PCR motion." *Jackson v. State*, 287 So. 3d 1060, 1061 (¶4) (Miss. Ct. App. 2019). This Court accordingly reversed the order dismissing Jackson's PCR motion and remanded the case to the circuit court with instructions for the trial court "to consider the merits of Jackson's claims." *Id.*[1]

¶5. On remand, the circuit court reviewed the following claims in Jackson's PCR motion: (1) the denial of his right to counsel; (2) involuntary guilty plea; (3) no factual basis for his guilty plea; (4) ineffective assistance of counsel; and (5) insufficient indictment. In reviewing Jackson's PCR motion, the circuit court discovered that the transcript from the 1987 guilty plea hearing no longer exists. The circuit court judge stated that he contacted the

---

[1] The record reflects that on May 11, 2020, after this Court remanded his case to the circuit court, Jackson filed a motion in the circuit court titled "motion for summary judgment" in which he reiterated his PCR claims.

court reporter from Jackson's plea hearing and confirmed that the court reporter did not maintain the notes from the guilty plea hearing. However, the record does contain Jackson's indictment for burglary of an inhabited dwelling at night with a deadly weapon, his guilty plea petition, the pre-sentence investigation report, and Jackson's judgment of conviction and sentencing order.

¶6. On June 19, 2020, the circuit court entered an order denying Jackson's PCR motion. The circuit court found that Jackson's claims were time-barred and also barred as a successive motion. The circuit court additionally found that Jackson's claims lacked merit.

¶7. Jackson now appeals from the circuit court's order denying his PCR motion.

## STANDARD OF REVIEW

¶8. We review a circuit court's denial or dismissal of a PCR motion for abuse of discretion. *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017). We "will not disturb the [circuit] court's factual findings unless they are clearly erroneous." *Id*. "Questions of law are reviewed de novo." *Id*.

## DISCUSSION

¶9. In February 1987, Jackson pleaded guilty to the charge of burglary of an inhabited dwelling at night while armed with a deadly weapon. As stated, he filed a PCR motion challenging his conviction and sentence in August 2018, more than thirty years after his conviction. Unless an exception applies, Jackson's PCR motion is time-barred because he filed it well after the three-year statute of limitations set forth in Mississippi Code Annotated

3

section 99-39-5(2) (Rev. 2015).

¶10. The circuit court found that in addition to the time bar, Jackson's PCR motion was barred as a successive motion. The circuit court explained that Jackson "failed to raise the claim regarding his underlying burglary conviction in either the direct appeal of his 1998 possession of cocaine with intent [to distribute] appeal or any of his previous PCR motions." The circuit court held that Jackson "should have raised this claim in his direct appeal or his original [p]ost-[c]onviction motions."

¶11. Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) states that "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Our review of the record shows that Jackson has filed previous PCR motions relating to his 1998 possession-of-cocaine conviction. However, the PCR motion before us, which Jackson filed in 2018, "takes issue with a new, separate and distinct, plea, conviction, and sentence." *Smith v. State*, 271 So. 3d 691, 694 (¶13) (Miss. Ct. App. 2018). The challenge here relates to his 1987 burglary conviction. Like *Smith*, we find that "[n]othing in the record reflects any previous proceeding in which [Jackson] requested relief from this . . . conviction and sentence. Consequently, [Jackson's] [2018] PCR motion is not successive." *Id*. (citing Miss. Code Ann. § 99-39-23(5)-(6)).

¶12. Turning to examine whether Jackson's PCR claims are excepted from the time-bar, we recognize that section 99-39-5(2) sets forth several exceptions to the time-bar, including

4

"evidence, not reasonably discoverable at the time of trial, which . . . would have caused a different result," or the movant's "probation, parole[,] or conditional release has been unlawfully revoked." Miss. Code Ann. § 99-39-5(2)(a)(i), (b). When a time-barred PCR motion is filed, "the burden falls on the movant to show he has met a statutory exception." *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011). In the case before us, Jackson failed to demonstrate that any of the statutory exceptions apply to the time-bar.

¶13. The Mississippi Supreme Court has also held that "errors affecting fundamental constitutional rights are excepted from the procedural bars" of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018) (quoting *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010)). "The following fundamental-rights exceptions have been expressly found to survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Higginbotham v. State*, 307 So. 3d 1253, 1256 (¶9) (Miss. Ct. App. 2020) (internal quotation mark omitted) (quoting *Nichols*, 265 So. 3d at 1242 (¶10)). The supreme court has additionally stated that "a claim of ineffective assistance of counsel may be excepted from the statute of limitations . . . bar in 'exceptional circumstances' . . . or 'extraordinary circumstances[.]'" *McDonald v. State*, 307 So. 3d 497, 500 (¶7) (Miss. Ct. App. 2020) (quoting *Conley v. State*, No. 2011-M-01006, 2020 WL 949240, at *1 (Miss. Feb. 26, 2020) (order); *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015)). However, "the mere

5

assertion of a constitutional right violation does not trigger the exception. . . . [Rather,] there must be some basis of truth for his claim." *Higginbotham*, 307 So. 3d at 1256 (¶9) (citations omitted).

¶14. Jackson argues his PCR claims allege errors affecting his fundamental constitutional rights, and therefore his claims are excepted from the time-bar in section 99-39-5(2). Jackson asserts the following assignments of error in his PCR motion: (1) his indictment was insufficient because it did not contain all of the essential elements of burglary of an inhabited dwelling at night while armed with a deadly weapon; (2) the court failed to establish a factual basis for his guilty plea; (3) his guilty plea was involuntary; (4) he was entitled to an evidentiary hearing; (5) he received ineffective assistance of counsel. Jackson, as the PCR movant, bears the burden of showing that a fundamental-rights exception applies to the time-bar. *Creel v. State*, 305 So. 3d 417, 421 (¶9) (Miss. Ct. App. 2020).

¶15. We find that Jackson's first four claims do not implicate any exception to the statute of limitations. As to Jackson's claim of ineffective assistance of counsel, our review of Jackson's PCR motion shows that he has failed to identify any exceptional or extraordinary circumstances for excepting his claim of ineffective assistance of counsel from the time-bar. Jackson argues that his defense counsel failed to object to the circuit court's sentencing Jackson for a crime for which he was not indicted (possessing a deadly weapon) and that his defense counsel failed to advise Jackson of the essential elements of the charge against him. However, Jackson's indictment stated that he was charged with the offense of "burglary of

6

an inhabited dwelling at night while armed with a deadly weapon." Furthermore, Jackson's guilty plea petition, which he signed under oath, reflects that his defense counsel advised him about the elements of the charge to which he was pleading guilty and that Jackson understood the elements of the charge. Jackson then handwrote the elements of the charge of burglary of an inhabited dwelling at night while armed with a deadly weapon. Jackson's plea petition also reflects that he "believe[d] that [his] lawyer is competent and has done all that anyone could do to counsel and assist [him] and that [he is] fully satisfied with the advice and help" provided by his defense counsel.

¶16. In addition to finding Jackson's PCR claims procedurally barred, the circuit court also found that Jackson's claims lacked merit. We find that the circuit court's findings are supported by the record.

¶17. After our review, we find that Jackson failed to meet his burden of proving that his PCR claims are excepted from the UPCCRA's time-bar. Although the circuit court incorrectly characterized Jackson's PCR motion as a successive motion, we find that the circuit court did not abuse its discretion in determining that Jackson's PCR motion was time-barred and without merit. We therefore affirm the circuit court's denial of Jackson's PCR motion.

¶18. **AFFIRMED.**

**GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. BARNES, C.J., AND WILSON, P.J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. EMFINGER, J., NOT PARTICIPATING.**