# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01205-COA

**GERALD MANGUM A/K/A GERALD LEE MANGUM**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/25/2020 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | GERALD MANGUM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/08/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     Gerald Mangum appeals the Hinds County Circuit Court's dismissal of his motion for post-conviction relief (PCR) and his amended PCR motion. On appeal, Mangum asserts (1) that the circuit court erred in dismissing his PCR motions as successive without holding an evidentiary hearing and (2) that his claim of ineffective assistance of counsel excepts his PCR motions from the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UPCCRA).

¶2.     Finding no abuse of discretion, we affirm the circuit court's order of dismissal.

### FACTS

¶3.    On March 5, 1981, Mangum pleaded guilty to murder, rape, and burglary of an occupied dwelling. Mangum's appeal takes issue only with his murder conviction, for which the circuit court sentenced him to life imprisonment.

¶4.    On July 19, 1982, Mangum filed a motion to withdraw his guilty plea to murder, which the circuit court denied the next day. In 1988, Mangum filed a motion to vacate the judgment, which the circuit court treated as a PCR motion. The circuit court dismissed Mangum's motion after finding that the issues and relief sought by Mangum had already been raised and denied. Mangum then appealed to the Mississippi Supreme Court and raised the following claims: his attorney's representation amounted to ineffective assistance of counsel, and he was denied his Fifth, Sixth and Fourteenth Amendment rights. The supreme court affirmed the denial of Mangum's PCR motion without opinion. *Mangum v. State*, 553 So. 2d 24 (Miss. 1989).

¶5.    In 1990, Mangum filed a petition for habeas corpus relief in federal court. In his petition, Mangum argued that "his counsel rendered ineffective assistance by failing to investigate the crime and by coercing him into pleading guilty to murder rather than attempting to have the charge reduced to manslaughter." *Mangum v. Hargett*, 67 F.3d 80, 82 (5th Cir. 1995). In 1993, the magistrate judge recommended that Magnum's petition be denied after finding "no evidence that Mangum would have refused to plead guilty and proceed to trial because of the alleged ineffective assistance of counsel." *Id*. Mangum objected to the magistrate judge's report and recommendation of denial, and he also

2

submitted a petition to amend with affidavits attached. *Id*. "The district court adopted the recommendation [of the magistrate judge] and denied Mangum's petition to amend." *Id*. Mangum then appealed to the Fifth Circuit Court of Appeals. *Id*. The Fifth Circuit affirmed the denial of Magnum's request for habeas relief. *Id*. at 81.

¶6.     The record shows that after being denied relief in federal court, Mangum filed additional PCR motions in the state circuit court. In 1998 and 2004, Mangum filed his second and third PCR motions, both of which the circuit court summarily dismissed. Mangum did not appeal these dismissals. In 2004, Mangum filed his fourth PCR motion, and his application for leave to proceed in the trial court was denied. In 2007, Mangum filed a fifth PCR motion claiming that his indictment was defective. In 2009, the circuit court denied Mangum's PCR motion. Mangum appealed, and this Court ultimately affirmed the circuit court's decision. *Mangum v. State*, 64 So. 3d 503, 504 (¶1) (Miss. Ct. App. 2010).

¶7.     In 2017, Mangum was paroled and released from prison. That same year, Mangum filed a sixth PCR motion in the supreme court. The supreme court dismissed the PCR motion without prejudice so that Mangum could file his motion in the circuit court. In 2017, Mangum filed his sixth PCR motion in the circuit court. In his motion, Mangum asserted the following claims: he is unlawfully in custody; the murder was actually justifiable homicide; the rape was consensual; his guilty plea was involuntary because he was coerced into pleading guilty and suffers from mental health issues; and his counsel was ineffective for coercing him into pleading guilty and refusing to entertain a self-defense argument. In 2020,

3

Mangum filed an amended PCR motion, which the circuit court considered to be a seventh PCR motion. In his amended petition, Mangum alleged that his due process rights were violated because no factual basis existed for the circuit court to accept his guilty plea; his guilty plea was not voluntary; his Fourth, Fifth, and Fourteenth Amendment rights were violated; his defense counsel was ineffective for refusing to investigate potential witnesses; his defense counsel took advantage of Mangum's mental illness and coerced him into pleading guilty despite evidence that he acted in self-defense; and Mangum has new evidence in support of his innocence.

¶8. On September 25, 2020, the circuit court entered an order dismissing Mangum's sixth and seventh PCR motions. The circuit court found that Mangum's PCR motions were barred as successive writs and that Mangum failed to meet his burden of proving that his claims were excepted from the procedural bar.

¶9. Mangum now appeals.

## STANDARD OF REVIEW

¶10. We review a circuit court's denial or dismissal of a PCR motion for an abuse of discretion. *Purvis v. State*, 240 So. 3d 468, 470 (¶7) (Miss. Ct. App. 2017). A circuit court's denial or dismissal of a PCR motion will only be disturbed if the court's findings are clearly erroneous. *Id*. Questions of law are reviewed de novo. *Id*.

## DISCUSSION

¶11. On appeal, Mangum argues that the circuit court erred by dismissing his PCR motions

4

without considering the entire file, including his sixth PCR motion, amended (seventh) PCR motion, and the attached affidavits. Mangum maintains that he did not commit murder but, rather, acted in self-defense and to protect his sister from harm. In support of his claim, Mangum alleges that he has newly discovered evidence from the "true" victim in this matter—his sister, Ella McGee, whom Mangum claims he was defending from physical abuse when he shot her attacker. Mangum asserts that in dismissing his PCR motions, the circuit court failed to address his claims of innocence and that he possesses newly discovered evidence of material facts that were not previously presented or heard and that create a reasonable probability that Mangum would not have pleaded guilty. Mangum argues that the supporting affidavits attached to his PCR motions entitle him to an evidentiary hearing before the circuit court to present his claims of innocence.

¶12. Mangum also argues that his counsel was ineffective for advising him to plead guilty to murder despite the lack of evidence, testimony, or set of facts in support of a murder conviction. Mangum claims that his counsel erroneously informed him that at the time of his guilty plea, Mississippi did not have any laws that would justify Mangum shooting the victim. Mangum asserts that if his counsel had discussed with him the defense of justifiable homicide, Mangum would not have pleaded guilty and would have instead insisted upon a jury trial.

¶13. Mississippi Code Annotated section 99-39-5(2) (Rev. 2020) provides that a PCR motion must be filed within three years after a judgment of conviction. Because Mangum

5

filed the present PCR motion and amended PCR motion more than thirty years after he pleaded guilty, his motions are clearly time-barred.

¶14. Additionally, an order dismissing or denying a PCR motion "shall be a bar to a second or successive [PCR] motion." Miss. Code Ann. § 99-39-23(6) (Rev. 2020). The circuit court's order of dismissal states that Mangum had filed five prior PCR motions. Although the first four PCR motions are not in the record before us, the circuit court's order provides the dates and cause numbers of the orders denying or dismissing these motions. Mangum's fifth PCR motion was based on his claim of a defective indictment, and the circuit court's order sets forth the date when the circuit court denied this motion and also provides that this Court affirmed the judgment. This Court has held that we may take judicial notice of a circuit court's prior orders denying or dismissing a movant's PCR motions, and "these orders 'are the final judgments that bar the filing of a successive motion, such as [Mangum's] present PCR motion[s], unless he demonstrates an exception to the statutory bar.'" *O'Neal v. State*, 281 So. 3d 274, 277 (¶11) (Miss. Ct. App. 2019) (quoting *Grogan v. State*, 89 So. 3d 617, 622 (¶13) (Miss. Ct. App. 2011)).

¶15. Mangum acknowledges the procedural bars, but he claims that an exception arises in this case because he has evidence that has been made part of the record that was not reasonably discoverable at the time of trial. He also asserts that his claim of ineffective assistance of counsel excepts him from the procedural bars.

¶16. There are statutory exceptions to the time-bar and successive-motions bar, and

Mangum raised one of these exceptions in his amended PCR motion: he claimed "that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence." *See* Miss. Code Ann. §§ 99-39-5(2) & -23(6). "[Mangum], as the movant, bears the burden of proving by a preponderance of the evidence that his claim is not time-barred or barred as a successive writ." *O'Neal*, 281 So. 3d at 278 (¶13).

¶17. Mangum attached three affidavits to his PCR motions: affidavits from two of his sisters, Ella McGee and Mary Ann Brown, and an affidavit from his mother, Ella Greenfield. The affidavits from Mangum's two sisters state that the victim was beating Ella McGee with a piece of wood and also attempted to strike Mangum. Mangum then shot the victim to protect Ella and himself from harm. The affidavits from Mangum's mother and his sister Mary Ann allege that Mangum's defense counsel informed them that Mississippi had no self-defense laws or any other laws that would justify Mangum protecting himself. The affidavits also state that defense counsel informed them that Mangum should plead guilty because if he went to trial and was found guilty, he would be sentenced to life without parole. Mangum claims that these affidavits demonstrate that his guilty plea "was unfairly obtained and was given through ignorance, fear[,] and misunderstanding of the facts as it applied to the circumstances of his case."

¶18. In determining whether the affidavits from Mangum's sisters and mother constitute

7

newly discovered evidence sufficient to overcome the procedural bar, we reiterate that "[n]ewly discovered evidence must be 'evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence.'" *Johnson v. State*, 204 So. 3d 346, 349 (¶11) (Miss. Ct. App. 2016) (quoting Miss. Code Ann. § 99-39-23(6)). The supreme court "has held that this exception applies to cases in which the defendant pleads guilty." *Huggins v. State*, 291 So. 3d 401, 403-04 (¶6) (Miss. Ct. App. 2020) (citing *Chancy v. State*, 938 So. 2d 251, 252-53 (¶4) (Miss. 2006)).

¶19.    In the present case, the three affiants were known to Mangum at the time of his arrest and his guilty plea. Accordingly, this evidence could have been reasonably discovered at the time of his guilty plea. We therefore find that Mangum's PCR motions are not excepted from the procedural bars on the basis of newly discovered evidence.

¶20.    In addition to the statutory exceptions, "certain fundamental rights—including, in 'extraordinary circumstances,' the right to effective assistance of counsel—are excepted from the UPCCRA's procedural bars." *Kelly v. State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020) (citing *Chapman v. State*, 167 So. 3d 1170, 1174 (¶12) (Miss. 2015)). However, "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars. There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Fluker v. State*, 170 So. 3d 471, 475 (¶11) (Miss. 2015) (citation omitted).

8

¶21.    In his PCR motion, Mangum argues that his counsel was ineffective for advising him to plead guilty to murder despite the lack of evidence, testimony, or set of facts in support of a murder conviction. Mangum alleges that his counsel erroneously advised him that Mississippi did not have any laws that would justify Mangum's shooting the victim. Mangum asserts that if his counsel had discussed with him the defense of justifiable homicide, Mangum would not have pleaded guilty and would have instead insisted upon a jury trial. In support of his claim, he attached the affidavits from his sisters and mother.

¶22.    In Mangum's federal case, he also included affidavits from both of his sisters in support his claim of ineffective assistance of counsel. *Mangum*, 67 F.3d at 83. Based on the dates of Mangum's federal case, it appears that these affidavits were signed earlier than the affidavits submitted in the present case. The Fifth Circuit reviewed the affidavits and observed that at Mangum's guilty plea hearing, he "explained his version of the facts underlying the murder charge, which is almost identical to the version he now presents in the affidavits and his pleadings and briefs." *Id*. at 85-86. We also find that the plea-hearing transcript in the record shows that Mangum's version of the events underlying his murder charge is "almost identical" to the version in the affidavits and briefs currently before us. The plea-hearing transcript additionally shows that during the hearing, the circuit court informed Mangum that he "may or may not have a case of self-defense" and asked, "[D]o you understand that? Have you discussed that with your lawyer?" Mangum responded affirmatively and explained that he and his counsel "discussed, you know, we went over all

9

of the decision." After the circuit court asked Mangum whether he still wanted to plead guilty, Mangum confirmed that he did.

¶23.    After reviewing the plea-hearing transcript, the Fifth Circuit found that "[i]t is abundantly clear that defense counsel was aware of Mangum's version of the events and that Mangum's sisters were present at the time of the shooting." *Id*. at 86.  The Court held that "[a]ssuming arguendo that counsel did not sufficiently investigate the case and that such conduct constituted deficient performance, Mangum has not shown a reasonable probability that, but for counsel's allegedly erroneous advice, he would have insisted on going to trial." *Id*.  The Fifth Circuit also found that Mangum failed to show "that his guilty plea proceedings were unreliable or fundamentally unfair." *Id*. at 87 (internal quotation marks omitted). While not binding authority for this Court, we recognize that Fifth Circuit decisions are still highly persuasive.  *Lutz Homes Inc. v. Weston*, 19 So. 3d 60, 64 n.6 (Miss. 2009).

¶24.    Although Mangum supports his ineffective-assistance-of-counsel claim with affidavits from his sisters and mother that "speak[] to the merits of his claim," the affidavits fail to explain Mangum's thirty-six-year delay in asserting the claim in the circuit court. *Kelly*, 306 So. 3d at 779 (¶10).  "Our review of the record likewise reveals no reason why [Mangum] was prevented from timely asserting his claim." *Id*.  Mangum asserts in his amended PCR motion that he was released from prison in August 2017 and that upon release from prison, he learned that the police and his defense counsel never interviewed the affiants.  However, the affidavits from Ella Greenfield and Mary Ann Brown reflect that they were both signed

10

in 1998, nearly twenty years before Mangum was released from prison. The affidavit from Ella McGee was signed in March 2017, several months prior to Mangum's release from prison. We therefore find that Mangum failed to show any extraordinary circumstances that would except his ineffective-assistance-of-counsel claim from the UPCCRA's procedural bars.

## CONCLUSION

¶25. After our review, we find that the circuit court correctly held that Mangum's PCR motion and amended PCR motion are barred by both the statute of limitations and the successive-motions bar. We therefore find that the circuit court did not abuse its discretion in dismissing Mangum's present PCR motions.

¶26. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**